No. 1-95-2071 

RICHARD ARRIOLA, on Behalf of Himself    )   Appeal from the 

and All Others Similarly Situated,       )   Circuit Court of 

                                         )   Cook County 

            Plaintiff-Appellant,         )

                                         )

v.                                       )

                                         )

TIME INSURANCE COMPANY,                  )   Honorable 

                                         )   Lester Forman,

            Defendant-Appellee.          )   Judge Presiding. 

            

JUSTICE QUINN delivered the opinion of the court:

This case is brought on appeal from a June 12, 1995, order entered by the circuit court of Cook County, dismissing plaintiff, Richard Arriola's (Arriola) class action complaint with prejudice pursuant to section 2-619 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-619 (West 1994).  On appeal, plaintiff contends that the trial court erred in determining as a matter of law, that plaintiff did not meet the numerosity prerequisite as defined in section 2-801 of the Illinois Code of Civil Procedure (735 ILCS 5/2-801 (West 1994)), thereby precluding him from maintaining a class action in Illinois.  We conclude that a motion to dismiss under section 2-619 may not be based on an asserted lack of numerosity, and therefore we reverse. 

The following are the pertinent facts contained in the record.  Plaintiff Richard Arriola (Arriola), an Illinois resident, was injured in an auto accident in 1992.  At the time of the accident, Arriola was named as an insured on a policy issued by defendant, Time Insurance Company (Time).  Arriola recovered $554.40 for medical expenses from Time under the aforementioned policy.  Arriola proceeded to file a complaint against the person responsible for the accident.  Time contemporaneously notified Arriola of its subrogation lien for $554.40 with respect to any judgment or any settlement arising from said action.  Arriola ultimately tendered a check to Time for the aforementioned $554.40.

On August 30, 1993, Arriola filed a complaint individually and on behalf of a class of other similarly situated individuals alleging that Time intentionally misrepresented its right of subrogation in the absence of an express policy provision establishing such a right.  In its answer Time denied the allegations of the subject complaint and denied that plaintiff was entitled to an order certifying this case as a class action.  The record indicates that Time subsequently acknowledged that a medical insurer has no right of subrogation in the absence of an express policy provision allowing subrogation.  This was the holding in 
Schultz v. Gotlund
, 138 Ill. 2d 171 (1990), decided September 26, 1990.  Time proceeded to attempt to reimburse the 46 Illinois policyholders from whom it had sought and received subrogation payments since September 1990, including Arriola.  Time obtained releases from 44 out of the aforementioned 46 policyholders.

On November 4, 1994, Time filed a motion to dismiss Arriola's class action complaint under section 2-619 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-619 (West 1994).  Time asserted that neither Arriola nor the court had moved for class certification and that Arriola was unable to satisfy the prerequisites for class certification pursuant to section 2-801 of the Illinois Code of Civil Procedure (Code). 735 ILCS 5/2-801 (West 1994). Speci-  fically, Time argued that the trial court should dismiss the subject complaint because the numerosity requirement could not be met.  In support of its motion, Time submitted the affidavit of a Time employee which stated that Time reimbursed and obtained releases from 44 of the 46 affected policyholders in the state of Illinois.  Therefore, Time asserted the class size in Illinois could be no more than two policyholders.

Arriola pointed out that the trial court had restricted discovery in this case to possible Illinois claimants.  Arriola asserted that this prevented plaintiff from moving for class certification in a more timely manner.  Arriola further asserted that Time's actions in obtaining general releases from 44 of the 46 affected policyholders in Illinois were made in an effort to avoid liability to the larger group of affected policyholders in other states.

On May 15, 1995, the trial court granted Time's motion to dismiss, finding that Arriola failed to satisfy the numerosity prerequisites as defined by section 2-801 of the Code.  Specifically, the trial court found that Arriola could not maintain a class action lawsuit where the prerequisites for an Illinois class did not exist.  Arriola appeals from this order.

The sole issue on appeal is whether counts I, II and III of the subject complaint (breach of contact, unjust enrichment, and consumer fraud, respectively) should be involuntarily dismissed based upon the specific grounds, defects and/or defenses as codified in section 2-619 of the Code.

Arriola contends that the trial court erred in determining, as a matter of law, that plaintiff could not maintain a class action in Illinois where he did not meet the numerosity prerequisite as defined in section 2-801 of the Code.  735 ILCS 5/2-801 (West 1994).  Time, on the other hand, asserts that the trial court correctly dismissed plaintiff's class action complaint with prejudice pursuant to section 2-619 of the Code where Arriola failed to establish numerosity, which Time asserts is an essential requirement for the maintenance of a class action lawsuit.

The purpose of a motion to dismiss under section 2-619 of the Code is to dispose of issues of law and easily proved issues of fact at the outset of a case.  
Zedella v. Gibson
, 165 Ill. 2d 181, 185 (1995). In ruling on a section 2-619 motion to dismiss, a court may consider pleadings, depositions, and affidavits.  
Zedella
, 165 Ill. 2d at 185.  A reviewing court will determine the propriety of the granting of a motion to dismiss 
de novo.  
Spiegel v. Hollywood
 
Towers Condominium Ass'n
, 283 Ill. App. 3d 992, 998 (1996).  All well-pleaded facts and reasonable inferences that can be drawn from the complaint are accepted as true and are examined to determine if a cause of action is stated.  
Arlt v. GreatAmerican Federal Savings
 
& Loan Ass'n
, 213 Ill. App. 3d 584, 587 (1991).  The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-117 (1993). 

Here, both Arriola and Time confuse an order dismissing a complaint pursuant to section 2-619 of the Code with a finding by the court with respect to class certification.  A clear distinction must be made between an express finding with respect to the statutory prerequisites for class certification under section 2-802 of the Code and allegations pleaded in a complaint that properly state a cause of action for breach of contract, unjust enrichment, and consumer fraud.  A motion to strike and dismiss the claim of a representative plaintiff must be distinguished from a situation where a motion to strike the class action allegations is made.

In Illinois, class certification is governed by section 2-801 of the Code. 735 ILCS 5/2-801 (West 1994).  That section requires that four elements be satisfied before an action may be maintained as a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, that predominate over individual questions; (3) the representative parties will fairly and adequately protect the interest of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.  
Purcell & Wardrope Chartered v. Hertz Corp.
, 175 Ill. App. 3d 1069, 1073 (1988).

Section 2-802 of the Illinois Code of Civil Procedure provides:

"As soon as practicable after the commencement of an 

action brought as a class action, the court shall 

determine by order whether it may be so maintained and

describe those whom the court finds to be members of 

the class.  This order may be conditional and may be 

amended before a decision on the merits."  735 ILCS 

     5/2-802(a)(West 1994).

In deciding whether to certify a class, the court may consider any matters of law or fact properly presented by the record including pleadings, depositions, affidavits, answers to interrogatories, and any evidence that may be adduced at hearings. 
Brown v. Murphy
, 278 Ill. App. 3d 981, 989 (1996).

The class action statute makes no reference to any requirement that the facts establishing the class action prerequisites be pleaded; it speaks only to the required finding with respect to the prerequisites of class certification.  
McCarthy v. La Salle
 
National Bank & Trust Co.
, 230 Ill. App. 3d 628, 633 (1992).

A motion to dismiss for failure to state a cause of action may be acted upon in a class action before determination of certification issues.  
Schlessinger v. Olsen
, 86 Ill. 2d 314, 320 (1981).  This rule recognizes that the important interests of time and efficiency are served better by a prompt determination of a motion to dismiss than by deferring a decision until after the certification issue has been decided.  
Schlessinger
, 86 Ill. 2d at 321.

In 
McCarthy
, the appeal was from the grant of the defendant's motion to dismiss under section 2-615 of the Code.  This court held that in such circumstances, the appellate court can only review the allegations of a plaintiff's complaint to determine whether they adequately pled the prerequisites of a class action.  
McCarthy v.
 
La Salle National Bank & Trust Co.
, 230 Ill. App. 3d at 633.  It is important to note that the plaintiff in 
McCarthy
 appealed under Supreme Court Rule 308 (134 Ill. 2d R. 308).

Here, plaintiff has appealed the granting of defendant's section 2-619 motion to dismiss under Supreme Court Rule 301 (134 Ill. 2d R. 301).  A section 2-619 motion to dismiss allows for an involuntary dismissal of a claim based on certain defects or defenses.  The basis of the motion must go to an entire claim or demand.  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 485 (1994).  Section 2-619(a) additionally provides that if the grounds for the motion do not appear on the face of the pleading attached, the motion shall be supported by affidavit. 735 ILCS 5/2-619(a)(West 1994).  Here, defendant supported its motion to dismiss with an affidavit of an employee stating that there were only two possible members of the class remaining in Illinois.

One of the enumerated grounds for a section 2-619 motion to dismiss is "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim."  735 ILCS 5/2-619(a)(9)(West 1994).  This is the only ground in section 2-619 of the Code upon which defendant's motion to dismiss could possibly be based.  However, "[a]ffirmative matter in a section 2-619(a)(9) motion, is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint."  
Illinois Graphics Co.
, 159 Ill. 2d at 486.

Here, Time's section 2-619 motion to dismiss was based solely on the asserted lack of numerosity.  The order granting the motion to dismiss based on a lack of numerosity had the effect of dismissing the class action allegations.  The dismissal of class action allegations does not terminate the entire litigation because the plaintiff is free to proceed on his individual claims.  
Coopers
 
& Lybrand v. Livesay
, 437 U.S. 463, 57 L. Ed. 2d 351, 98 S. Ct. 2454, 2457 (1978); 
Schlessinger
, 86 Ill. 2d at 318.  A section 2-619 motion to dismiss based on numerosity cannot dispose of the named plaintiff's cause of action.  The basis of a 2-619 motion to dismiss must go to an entire claim or demand.  
Illinois Graphics Co.
, 159 Ill. 2d at 485.  Therefore, a section 2-619 motion to dismiss may not be based on an asserted lack of numerosity.

In the instant case, the trial court dismissed Arriola's individual complaint as well as the class allegations of his complaint.  The court stated no reason for its dismissal of Arriola's individual complaint.  Defendant concedes that its motion to dismiss based on lack of numerosity would not provide a basis to dismiss Arriola's individual complaint.  Even though this issue has not been raised by the parties, we are obligated to determine whether plaintiff's complaint stated a valid cause of action.  
Landesman v. General Motors Corp.
, 72 Ill. 2d 44, 49 (1978).  A review of the complaint and record in this case shows that Arriola stated a valid independent cause of action.  The trial court's dismissal of Arriola's individual complaint was in error.  This error provided the basis for Arriola to appeal all aspects of the dismissal under Supreme Court Rule 301.

 This is contrary to the holding in 
Levy v. Metropolitan
 
Sanitary District of Greater Chicago
, 92 Ill. 2d 80, 83 (1982):  "[N]either an order denying class certification or decertifying a class nor an order dismissing class action allegations is final and *** such orders may be appealed from prior to the termination of the litigation only under the interlocutory appeal provisions of the Supreme Court Rules."

The court in 
Levy
 further stated that such orders must be appealed pursuant to Supreme Court Rule 308.   Supreme Court Rule 308(a) provides:

"Rule 308.  Interlocutory Appeals by Permission 

(a) Requests.  
When the trial court, in making  

an interlocutory order not otherwise appealable, finds 

that the order involves a question of law as to which

there is substantial ground for difference of opinion 

and that an immediate appeal from the order may mat-

erially advance the ultimate termination of the liti-

gation, the court shall so state in writing, identifying

the question of law involved.  Such a statement may be

made at the time of the entry of the order or thereafter

on the court's own motion or on motion of any party.  The

Appellate Court may thereupon in its discretion allow an 

appeal from the order."  134 Ill. 2d R. 308(a).

In its ruling, the trial court said that it understood that its holding  might appear to be premature on review, but that after allowing lengthy and expensive discovery, the court would still be faced with the fact that there would never be more than two members of the class in Illinois.  The court held that this being true, it would deny class certification no matter how many potential members of the class were present elsewhere in the nation.

On appeal both parties have framed the issue before us as whether, under the facts of this case, a national class action suit may be maintained in Illinois when there are only two members of the class in Illinois.  The trial court held that it could not.  We cannot reach this issue for the reasons stated herein.  The trial court's concerns as to the expense and effort that would need to be expended should discovery continue are valid.  These concerns are best addressed under Supreme Court Rule 308.  It is settled that a trial court may use Rule 308 as a means of reviewing an order concerning class certification at an early stage of the litigation.  
Gordon v. Boden
, 224 Ill. App. 3d 195, 198 (1991); 
Eshaghi v.
 
Hanley Dawson Cadillac Co.
, 214 Ill. App. 3d 995 (1991).

For the foregoing reasons the trial court's dismissal of plaintiff's class action complaint is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

GREIMAN, P.J., and THEIS, J., concur.