MARK WEISS, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellee, v. WATERHOUSE SECURITIES, INC., Defendant-Appellant.

First District (2nd Division)    No. 1—01—0680

Opinion filed November 26, 2002.

Neal, Gerber & Eisenberg, of Chicago (H. Nicholas Berberian, Terry D. Weissman, and David W. Porteous, of counsel), for appellant.

Kubasiak, Fylstra, Reizen & Rotunno, P.C., of Chicago (Richard S. Reizen, Scott A. Browdy, Brian Nolzahn and John C. Anderson, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

In January 1999, plaintiff, Mark Weiss, individually and on behalf of all others similarly situated, filed a class action lawsuit against defendant, Waterhouse Securities, Inc. (Waterhouse), a discount securities brokerage firm, alleging fraud and breach of contract in connection with Waterhouse's solicitation and administration of web-based brokerage accounts between January 1, 1999, and the present. Waterhouse, assertedly pursuant to section 2—801 of the Code of Civil Procedure (Code) (735 ILCS 5/2—801 (West 1998)), filed a "Motion to Strike Class Allegations and To Compel Arbitration" of plaintiff's

claims. Waterhouse's motion specifically first sought to strike the class allegations of plaintiff's complaint and then to compel the arbitration of the remaining individual claims in accordance with the terms of plaintiff's account agreement with the company (the Account Agreement). The circuit court denied Waterhouse's motion to strike and compel, purportedly finding plaintiff's factual allegations are sufficient to meet the class action prerequisites set forth in section 2—801 of the Code of Civil Procedure (Code) (735 ILCS 5/2—801 (West 1998)). Waterhouse followed by seeking review of the court's interlocutory rulings pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)).

In an unpublished opinion issued December 12, 2001, we found appellate jurisdiction lacking over that portion of the circuit court's order denying Waterhouse's motion to strike and, accordingly, dismissed that portion of Waterhouse's appeal. In dismissing Waterhouse's appeal in part, we declined to address Waterhouse's contention that the circuit court erred in denying its motion to strike plaintiff's class action allegations. Finding jurisdiction over the remaining portion of the court's order, we affirmed the denial of Waterhouse's motion to compel plaintiff's claims to arbitration. *Weiss v. Waterhouse Securities, Inc.*, No. 1—01—0680 (December 12, 2001) (unpublished order under Supreme Court Rule 23).

On April 9, 2002, the Illinois Supreme Court entered a supervisory order directing this court to vacate our December 12 opinion and "to reconsider its judgment, including the propriety of the trial court's order denying defendant's motion to strike class allegations." *Weiss v. Waterhouse*, 198 Ill. 2d 632 (2002). Upon reconsideration of the issues and our original decision, we now find jurisdiction to review Waterhouse's entire appeal and reverse and remand for further proceedings consistent with this opinion.

Waterhouse is a New York corporation engaged in the business of providing discount brokerage services to the investing public. One of the services offered by Waterhouse is an on-line brokerage account, known as webBroker, that allowed customers to engage in trading of securities through their personal computers, by telephone, or through an assigned Waterhouse broker. At all relevant times, plaintiff maintained a webBroker account with Waterhouse.

Plaintiff brings the instant class action complaint individually and on behalf of all Waterhouse customers who had webBroker trading accounts with Waterhouse between January 1, 1999, to the present. The complaint generally alleges that Waterhouse represented to plaintiff and the class members that, if they opened trading accounts with Waterhouse, they could obtain instant access to their accounts in order to

buy and sell securities through their personal computers and/or their assigned brokers. However, plaintiff and the class members were unable to access their trading accounts via either their personal computers or assigned brokers during the class period in order to execute their desired security transactions. The complaint further contains allegations of the statutory prerequisites for the maintenance of a class action lawsuit.

Plaintiff's complaint asserts claims for: deceptive and unfair practices under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 through 505/12 (West 1998)), and the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 1998)), as well as like statutes found in the states where the class members reside (count I); breaches of contract and the implied covenant of good faith and fair dealing predicated on Waterhouse's customer account contracts entered into by plaintiff and the class members (count II); and common law fraud based on Waterhouse's pre-account representations (count III). The complaint alleges plaintiff and the class members have been "irreparably harmed and damaged in an amount to be determined at the trial of this action," and specifically seeks an award of compensatory and punitive damages, legal costs and expenses, and extraordinary, equitable, and/or injunctive relief, including the imposition of a constructive trust upon certain funds charged and retained by Waterhouse in its administration of the trading accounts.

After unsuccessfully attempting to remove the matter to federal court and moving to dismiss plaintiff's complaint pursuant to section 2—619 of the Code, Waterhouse filed the instant motion to strike plaintiff's class action allegations and, thereafter, to compel plaintiff's individual claims to arbitration. In moving to strike the class allegations, Waterhouse assertedly moved pursuant to section 2—801 of the Code, which sets forth the statutory prerequisites for class certification and, in relevant part, requires any alleged class claim to present "questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members." 735 ILCS 5/2—801(2) (West 1998). According to Waterhouse's motion, plaintiff's claims are not certifiable because it is clear from the complaint's class action allegations that individualized issues of fact and law predominate.

Under the Account Agreement, plaintiff agreed to arbitrate any controversy arising between him and Waterhouse in relation to any account he held with the company. In this regard, the Account Agreement expressly provides, in pertinent part, that "no person shall *** seek to enforce any pre-dispute arbitration agreement against any

person who has initiated in court a putative class action *** until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court." Because dismissal of the class allegations would leave plaintiff only with his individual claims, Waterhouse asserted plaintiff's claims would then have to be submitted to arbitration in accordance with the terms of the agreement.

Following a hearing on Waterhouse's motion, the circuit court entered an order stating:

> "The Court finds that commons [*sic*] questions of law and fact predominate over questions involving individual class members so that the class allegations as set forth by the plaintiff are sufficient as a matter of law. Therefore, it is hereby ADJUDGED, ORDERED and DECREED that Defendant's Motion to Strike Class Allegations and Compel Arbitration is DENIED."

We initially discuss the nature of Waterhouse's motion and our jurisdiction to hear the instant appeal. Waterhouse's motion sought to compel the arbitration of plaintiff's claims by having the circuit court find plaintiff's class allegations insufficient as a matter of law. Essentially, Waterhouse attempted to bring plaintiff's claims within the arbitration clause of the Account Agreement by securing an order dismissing the complaint's class action allegations.

■ Appellate jurisdiction is generally limited to review of final orders (*Pekin Insurance Co. v. Benson*, 306 Ill. App. 3d 367, 375, 714 N.E.2d 559, 565 (1999)), and review of an appeal from a nonfinal order may be entertained only as provided by supreme court rule. *Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 182 Ill. 2d 234, 238, 695 N.E.2d 444, 446 (1998).

■ Waterhouse asserts review of the circuit court's order in this case is proper under Rule 307(a)(1). Rule 307 provides for interlocutory appeals as a matter of right and paragraph (a)(1) of that rule authorizes review of orders, *inter alia*, refusing requests for injunctive relief. 188 Ill. 2d R. 307(a)(1). Characterizing its motion solely as one to compel arbitration, Waterhouse claims jurisdiction lies in Rule 307(a)(1) because the denial of a motion to compel arbitration is akin to an order refusing to issue an injunction. *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268, 270, 456 N.E.2d 93, 94-95 (1983); *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105, 743 N.E.2d 1066, 1070 (2001); *Amalgamated Transit Union, Local 900 v. Suburban Bus Division of the Regional Transportation Authority*, 262 Ill. App. 3d 334, 337, 634 N.E.2d 469, 472 (1994).

■ Waterhouse expressly acknowledges on appeal that any order

compelling arbitration was wholly contingent upon the court striking the class allegations. Waterhouse could seek dismissal of the class action allegations only by proceeding under section 2—615 of the Code. See 735 ILCS 5/2—615(a) (West 1998) ("All objections to pleadings shall be raised by motion. The motion shall point out specifically the defects complained of, and shall ask for appropriate relief," including, *inter alia*, "that a pleading or portion thereof be stricken because substantially insufficient at law"). Thus, Waterhouse, despite its assertions that it was proceeding solely under section 2—801 of the Code[1], effectively brought two separate and distinct motions seeking, first, dismissal under section 2—615 and, second, arbitration of plaintiff's individual claims.[2]

While Waterhouse correctly observes that an order denying a motion to compel arbitration represents an appealable order, the circuit court's order in the instant case does not simply represent a refusal to submit plaintiff's claims to arbitration. Given the nature of Waterhouse's motion, the court was initially forced to consider the legal sufficiency of plaintiff's class action allegations. The court did so and, upon finding the class allegations adequate, denied Waterhouse's request to compel arbitration. Hence, the court's order constitutes two distinct rulings—one ruling denying Waterhouse's request for dismissal under section 2—615 and another ruling denying Waterhouse's motion to compel arbitration.

While an order denying a motion for dismissal is not a final and appealable determination but, rather, is interlocutory in nature (*Desnick v. Department of Professional Regulation*, 171 Ill. 2d 510, 540, 665 N.E.2d 1346, 1362 (1996); *Chapman v. United Insurance Co. of America*, 234 Ill. App. 3d 968, 970, 602 N.E.2d 45, 46 (1992); *Findley v. Posway*, 118 Ill. App. 3d 824, 826, 455 N.E.2d 861, 863 (1983)), we nonetheless have jurisdiction to review the circuit court's denial of Waterhouse's motion to strike because that motion was a necessary and attendant part of the court's refusal to compel arbitration. Pursuant to case law, a nonappealable order may be reviewed where it is subsumed in a final, appealable ruling. See *Federal Signal*, 318 Ill. App. 3d at 1106, 743 N.E.2d at 1070 (finding appellate jurisdiction to

---

[1]As noted, section 2—801 lists the prerequisites for maintaining a lawsuit as a class action. That section does not set forth any procedure for seeking the dismissal of class allegations that are alleged to be legally insufficient.

[2]Indeed, at the hearing on its motion, Waterhouse explained to the circuit court that its motion consisted of two parts and indicated that the second part thereof, the request to compel arbitration, turned upon the court striking the class allegations of plaintiff's complaint.

review trial court's decision denying defendant's section 2—615 motion to dismiss where the court's denial of defendant's motion to compel arbitration was predicated on its dismissal ruling); see also *In re Summerville*, 190 Ill. App. 3d 1072, 1076, 547 N.E.2d 513, 516 (1989); *Olympic Federal v. Witney Development Co.*, 113 Ill. App. 3d 981, 984, 447 N.E.2d 1371, 1373 (1983); *Alfred Engineering, Inc. v. Illinois Fair Employment Practices Comm'n*, 19 Ill. App. 3d 592, 600, 312 N.E.2d 61, 67 (1974). We cannot fairly review the circuit court's denial of Waterhouse's motion to compel arbitration without reviewing the predicate motion to strike class allegations. We, therefore, will review the court's ruling on Waterhouse's motion to strike.

■ A motion to dismiss brought pursuant to section 2—615 attacks the legal sufficiency of the complaint and presents the question of whether the complaint states a cause of action upon which relief could be granted. *Grund v. Donegan*, 298 Ill. App. 3d 1034, 1037, 700 N.E.2d 157, 159 (1998). When ruling on a section 2—615 motion, the court may only consider the facts apparent from the face of the complaint, matters of which the court may take judicial notice and judicial admissions in the record. *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1047, 700 N.E.2d 202, 206 (1998). All pleadings are construed in the light most favorable to the nonmoving party (*In re Chicago Flood Litigation*, 176 Ill. 2d 179, 184 (1997)), and all well-pleaded facts in the complaint, as well as all reasonable inferences drawn therefrom, are taken as true. *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 634, 662 N.E.2d 1377, 1382 (1996). Since the determination of whether a viable cause of action has been pled is one of law, our review is conducted *de novo*. *Lawson*, 278 Ill. App. 3d at 634, 662 N.E.2d at 1382.

The circuit court's ruling in this case can be construed two different ways. On the one hand, the circuit court's decision seems to indicate that the court confined its analysis to determining whether plaintiff's complaint adequately stated a claim for a class action. Another reading of the court's order suggests the court passed on the issue of class certification pursuant to section 2—801 of the Code based solely on the complaint's factual allegations.

The extent to which a plaintiff asserting a claim as a class action must plead the statutory requirements listed in section 2—801 of the Code is not clear under Illinois law. *McCarthy v. La Salle National Bank & Trust Co.*, 230 Ill. App. 3d 628, 633, 595 N.E.2d 149, 152 (1992); 4 R. Michael, Illinois Practice, Civil, § 30.2, at 71-72 (1989). While a number of cases decided after the enactment of the Illinois class action statute have recognized the use of section 2—615 to challenge a complaint asserted as a class action on the basis that the

complaint's allegations are legally insufficient to maintain the cause as a class action under section 2—801 (see *McCarthy*, 230 Ill. App. 3d at 633-34, 595 N.E.2d at 152-53; *Blake v. State Farm Mutual Automobile Insurance Co.*, 168 Ill. App. 3d 918, 921-22, 523 N.E.2d 85, 87-88 (1988); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 709-10, 425 N.E.2d 1174, 1181-82 (1981); *Society of St. Francis v. Dulman*, 98 Ill. App. 3d 16, 17-18, 424 N.E.2d 59, 60-61 (1981); *Scott v. Ambassador Insurance Co.*, 100 Ill. App. 3d 184, 185, 426 N.E.2d 952, 953 (1981); *Goetz v. Village of Hoffman Estates*, 62 Ill. App. 3d 233, 236, 378 N.E.2d 1276, 1279 (1978)), none of those cases discussed the propriety of doing so.

■ This court recently indicated in *Arriola v. Times Insurance Co.*, 296 Ill. App. 3d 303, 307, 694 N.E.2d 649, 652 (1998), that a plaintiff is not required to plead any of the statutory prerequisites set forth in section 2—801 in bringing a claim as a class action. As the court recognized, "[t]he class action statute makes no reference to any requirement that the facts establishing the class action prerequisites be pleaded; it speaks only to the required finding with respect to the prerequisites of class certification." *Arriola*, 296 Ill. App. 3d at 307, 694 N.E.2d at 652; see also 4 R. Michael, Illinois Practice, Civil, § 30.2, at 71-72 (1989) (stating same).

In our view, a representative plaintiff is not required to allege all the details necessary to establish that his class action is maintainable pursuant to section 2—801 in bringing a claim or claims as a class action. Rather, the plaintiff need only allege a viable individual cause of action, indicate that the claim is being brought as a class action lawsuit, and contain factual allegations that are broad enough in scope to establish the possible existence of a class action suit as contemplated by section 2—801. If there is no possibility that a claim can be maintained as a class action, then dismissal of the class action allegations is proper pursuant to section 2—615. On the other hand, if there is any possibility that a class action can be maintained for some members of a class, dismissal under section 2—615 is not warranted.

■ In determining whether a complaint brought as a class action is legally sufficient under section 2—615, the circuit court should not inquire into whether the factual allegations establish the statutory prerequisites for maintaining class action litigation. Whether the statutory prerequisites for a class action exists in a case should be decided only when the issue of certification is specifically raised before the circuit court. Indeed, the class action statute specifically indicates that the issue of certification is to be determined at a formal certification hearing held within a reasonable time following the filing of a plaintiff's class action complaint. A motion for certification and a mo-

tion to dismiss under section 2—615 are not the same thing and involve separate and distinct inquiries. We do not believe the filing of a section 2—615 motion to dismiss class allegations properly raises the issue of certification. Only where the plaintiff's complaint seeks to have the class certified on the basis of the factual allegations contained therein will the issue of certification arise by a section 2—615 dismissal motion.

We note that the filing of a section 2—615 motion for dismissal, as demonstrated by the use of Waterhouse's motion here, effectively forces the issue of certification at the pleading stage, without the benefit of any discovery by the parties. Certification issues typically are of a factual nature. Accordingly, the plaintiff, as the party who shoulders the burden of establishing the existence of the statutory requirements for class action, should have the opportunity to develop evidence on the certification elements.

■ Moreover, we note that appellate review of a circuit court's certification determination is highly deferential. Whether a class should be certified is a matter resting in the sound discretion of the circuit court and, absent an abuse of discretion, the court's determination will not be disturbed on review. *Purcell & Wardrope Chtrd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1074, 530 N.E.2d 994 (1988). If a motion to dismiss class allegations under section 2—615 is allowed to raise the matter of certification, a reviewing court, upon review of the circuit court's certification decision, will be required to engage in an independent determination of the certification elements, despite the statutory directive that such a determination be vested with the circuit court.

■ In the present case, Waterhouse does not challenge the viability of plaintiff's individual claims and never expressly moved for certification in its motion to strike. Moreover, plaintiff has not yet sought certification of any class; no motion has been filed seeking certification and plaintiff's complaint does not seek such a determination. The complaint alleges that plaintiff and a number of other Waterhouse customers shared difficulties in using Waterhouse's trading services during the class period. Taking the complaint's allegations as true, as we are required to do in considering Waterhouse's motion to strike, the possibility that plaintiff's claims can be maintained as a class action cannot be ruled out. It must be stressed that we do not purport to rule on the issue of certification under section 2—801 of the Code and the issue of commonality in particular. We simply hold that plaintiff's complaint sufficiently alleges the maintenance of a class action suit as a matter of law. Whether plaintiff's claims may be certified as a class action is a matter to be resolved by the circuit court after relevant

discovery and at a formal certification hearing where plaintiff is afforded the chance to establish the class action requirements listed in section 2—801.

■ We now turn to that part of the circuit court's order denying Waterhouse's motion to compel. As a general rule, the standard employed in reviewing an interlocutory order granting or denying a motion to compel arbitration is whether the circuit court abused its discretion. *Federal Signal*, 318 Ill. App. 3d at 1105, 743 N.E.2d at 1070; *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1189, 738 N.E.2d 610, 616 (2000). Yet, where the question presented is one of law, a reviewing court determines it independently of the circuit court's judgment. *In re Lawrence M.*, 172 Ill. 2d 523, 526, 670 N.E.2d 710, 712 (1996).

■ Arbitration is a matter of contract. *Waitzman v. Classic Syndicate, Inc.*, 271 Ill. App. 3d 246, 251, 648 N.E.2d 104, 107 (1995). Thus, parties are only required to arbitrate those issues they have clearly and unequivocally agreed to submit to arbitration. *Lee B. Stern & Co. v. Zimmerman*, 277 Ill. App. 3d 423, 427, 660 N.E.2d 170, 173 (1995). Arbitration agreements will be interpreted in the same manner and according to the same principles as are all other contracts. *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 669, 456 N.E.2d 889, 894 (1983). Accordingly, such agreements must be enforced to effectuate the intentions of the parties as expressed by the terms of their accord. *Zimmerman v. Illinois Farmers Insurance Co.*, 317 Ill. App. 3d 360, 366, 739 N.E.2d 990, 995 (2000).

■ The law is well settled that where the terms of a contract are clear and free of ambiguity, the determination of the parties' intent is a question of law to be determined from the terms of the contract itself. *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 288, 565 N.E.2d 990, 994 (1990); *Countryman v. Industrial Comm'n*, 292 Ill. App. 3d 738, 741, 686 N.E.2d 61, 63 (1997). The terms of the parties' arbitration clause here are clear and unambiguous. Per the clear and express terms of the contract, Waterhouse is precluded from seeking the arbitration of any "putative class action" instituted by plaintiff until either a motion for class certification is denied, the class is decertified after an initial order of certification, **or** the class is certified and plaintiff is thereafter excluded therefrom. Hence, the parties' arbitration agreement presupposes that the issue of class certification has been entertained and decided by the circuit

court.[3] Yet, the issue of certification was never properly before the circuit court. None of the preconditions for arbitration—class certification, certification followed by decertification of the class, or certification followed by plaintiff's exclusion from the class—has occurred in the case. The issue of whether plaintiff's individual claims should be compelled to arbitration, therefore, was not ripe for the circuit court's determination and, accordingly, the court's decision denying Waterhouse's motion to compel was premature.

The order entered by the circuit court contains contradictory elements: it first denied the motion to strike the class allegations under section 2—615 of the Code, which was correct; but, it then purported to make a finding with respect to the commonality element pursuant to section 2—801 without a certification hearing, which was improper. Finally, it made a finding with respect to whether arbitration was mandated, which was premature since no certification of class had been made. Accordingly, that part of the court's final order denying the motion to strike class allegations is affirmed. Those parts of the order finding an essential element of a class allegation to have been established and the ruling on the arbitration issue are reversed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

CAHILL and BURKE, JJ., concur.

___

[3]Indeed, in its brief, Waterhouse expressly recognizes that "class actions are not eligible for arbitration" until one of the foregoing condition precedents occurs.