(No. 95458.—

MARK WEISS, Indiv. and on Behalf of All Others Similarly Situated, Appellee, v. WATERHOUSE SECURITIES, INC., Appellant.

*Opinion filed January 23, 2004.*

Phil C. Neal, H. Nicholas Berberian, Terry D. Weissman and Hari Sevugan, of Neal, Gerber & Eisenberg, of Chicago, for appellant.

Richard S. Reizen, Scott A. Browdy and John C. Anderson, of Kubasiak, Fylstra, Reizen & Rotunno, P.C., of Chicago, for appellee.

Howard J. Roin, of Chicago, and Miriam R. Nemetz and Craig W. Canetti, of Washington, D.C., all of Mayer, Brown, Rowe & Maw, and Robin S. Conrad, of Washington, D.C., for *amicus curiae* Chamber of Commerce of the Unites States of America.

JUSTICE FITZGERALD delivered the opinion of the court:

The defendant, Waterhouse Securities, Inc., appeals the judgment of the appellate court affirming in part and reversing in part the trial court's order on Waterhouse Securities' motion to strike plaintiff Mark Weiss' class action allegations and compel arbitration. Weiss has filed a motion to dismiss this appeal for lack of appellate jurisdiction.

Accordingly, there are two central issues in this case: whether we have jurisdiction to hear Waterhouse Securities' interlocutory appeal, and, if so, whether the appellate court correctly held that Weiss' class action allegations are sufficient as a matter of law to survive Waterhouse Securities' motion to strike. For the reasons that follow, we deny Weiss' motion to dismiss this appeal and affirm the appellate court.

## BACKGROUND

In October 1998, Weiss opened a *"webBroker"* account with Waterhouse Securities, a discount securities brokerage company. With this account and Waterhouse Securities' help, he hoped to trade securities on his personal computer, by telephone, or through an assigned broker. The Waterhouse Securities "Account Agreement Booklet" governing Weiss' account contained an arbitration clause, which provided in part:

"I agree that any controversy relating to any of my accounts or any agreement that I have with [Waterhouse Securities] will be submitted to arbitration conducted only under the provisions of the Constitution and Rules of the New York Stock Exchange, Inc. [NYSE] or pursuant to the code of the Arbitration of the National Association of Securities Dealers, Inc. [NASD] *** No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action, or who is a member of a putative class who has not

opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court."[1]

Weiss soon encountered problems accessing his account, both online and by telephone. On January 19, 1999, he filed a "Class Action Complaint" against Waterhouse Securities on behalf of more than 1.5 million of its customers, asserting claims for violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2002)), breach of contract, and fraud. On February 18, 1999, Waterhouse Securities removed the cause to federal court, but the United States District Court for the Northern District of Illinois remanded the cause back to the Cook County circuit court. More than six months later, on August 31, 1999, Waterhouse Securities filed a motion to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 2002)) in lieu of an answer. Waterhouse Securities contended that the agreement with Weiss disclosed the possibility that he might experience interruptions or delays in accessing his account, disclaimed any liability for damages incurred from such service interruptions or delays, and contained a choice of law provision which barred his claim under the Consumer Fraud Act. The trial court denied this motion on April 14, 2000.

On April 10, 2000, Waterhouse Securities responded to Weiss' initial interrogatories and production requests. Waterhouse Securities responses included "GENERAL OBJECTIONS" to Weiss' initial discovery efforts as

"premature, unreasonable, unduly burdensome, oppres-

---

[1]NYSE Rule 600(d)(iii) and NASD Code Rule 10301(d)(3) similarly prohibit a party from asking a court to compel arbitration until these same three prerequisites are met. See 2 N.Y.S.E. Guide Rs. 600(d)(iii)(A) through (d)(iii)(C), at 4311-12 (CCH 1999); Nat'l Ass'n of Sec. Dealers, Inc. Man. Rs. 10301(d)(3)(A) through (d)(3)(C), at 7571 (CCH 2002).

sive, and seeking potentially unnecessary and wasteful discovery to the extent: (a) that they seek documents and/or information prior to the disposition of Waterhouse's pending motion to dismiss this action; (b) that they seek documents and/or information regarding the merits of [Weiss'] claims and the claims of the purported 'class' prior to the disposition of a motion for class certification; and (c) that such discovery may be improper and/or impermissible under the Illinois Uniform Arbitration Act, 710 ILCS 5/1 *et seq.*, and the parties' agreement to arbitrate this dispute, in the event that both the motion to dismiss and motion for class certification are denied."

Waterhouse Securities individually objected to 8 of Weiss' 10 interrogatories. It responded to interrogatories regarding potential fact and opinion witnesses by indicating that it had not determined what witnesses to call at trial and would supplement its answers in due time.

Waterhouse Securities also objected to 37 of Weiss' 39 production requests, stating that it would produce only "all responsive non-privileged documents" relating to Weiss himself. On April 25, 2000, Weiss' attorney sent Waterhouse Securities' attorney a Supreme Court Rule 201(k) letter (see 166 Ill. 2d R. 201(k)) attempting to resolve this discovery dispute. Waterhouse Securities' attorney responded to this letter on May 5, 2000, repeating and detailing Waterhouse Securities' objections to Weiss' discovery efforts and signaling its intention to file a motion to strike the class allegations and compel arbitration.

On May 18, 2000, Waterhouse Securities filed such a motion, specifically asking the trial court for "an Order striking the class allegations from the Complaint pursuant to 735 ILCS 5/2—801 [(West 2002)] and compelling plaintiff's individual claims to arbitration." Waterhouse Securities argued that Weiss' class action claims could not be certified because common issues of fact and law do not predominate and, therefore, asked that Weiss' individual claims be sent to arbitration, pursuant to the

agreement. Waterhouse Securities conceded that the motion to compel was contingent on the trial court granting the motion to strike. While this motion was being briefed, Weiss filed a motion to compel discovery on August 30, 2000. Waterhouse Securities responded to this motion on November 8, 2000, reiterating its objections to Weiss' discovery efforts as an "enormous burden." The motion to compel remains pending.

On January 30, 2001, the trial court decided Waterhouse Securities' motion to strike and compel. The trial court's order opened by noting, "This matter is before the Court on Defendant WATERHOUSE SECURITIES, INC.'s Motion to Strike Class Allegations," omitting any reference to the arbitration request. The order then stated that "common questions of law and fact predominate over questions involving individual class members so that the class allegations as set forth by [Weiss] are sufficient as a matter of law." The order closed by holding, "it is hereby ADJUDGED, ORDERED and DECREED that Defendant's Motion to Strike Class Allegations *and Compel Arbitration* is DENIED." (Emphasis added.)

Waterhouse Securities appealed pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), which allows interlocutory appeals of orders denying injunctive relief. Waterhouse Securities claimed that because the trial court's order denied a motion to compel arbitration, that order was appealable under *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268, 271 (1983). In an unpublished order, the appellate court disputed Waterhouse Securities' characterization of the trial court's order. The appellate court stated that Waterhouse Securities had, in effect, filed two separate motions: a motion to dismiss Weiss' class action allegations under section 2—615(a) of the Code of Civil Procedure (see 735 ILCS 5/2—615(a) (West 2002)) and a motion to compel arbitration of his individual claims:

"Given the nature of Waterhouse's motion, the court was initially forced to consider the legal sufficiency of plaintiff's class action allegations. The court did that and, upon finding the class allegations adequate, denied Waterhouse's request to compel arbitration. Hence, the court's order constitutes two distinct rulings—one ruling denying Waterhouse's request for dismissal under section 2—615 and another ruling denying Waterhouse's motion to compel arbitration." No. 1—01—0680 (unpublished order under Supreme Court Rule 23).

The appellate court held it lacked jurisdiction over the trial court's order denying the first motion because that order was interlocutory and not appealable. The appellate court, however, decided that it had jurisdiction over the second motion under Rule 307(a)(1). Because none of the arbitration conditions in the agreement had been met, the appellate court affirmed the trial court's order denying Waterhouse Securities' motion to compel arbitration.

Waterhouse Securities appealed to this court. We denied its petition for leave to appeal, but vacated the appellate court's order, directing that court "to reconsider its judgment, including the propriety of the trial court's order denying defendant's motion to strike class allegations." See *Weiss v. Waterhouse Securities, Inc.*, 198 Ill. 2d 632 (2002) (supervisory order).

On remand, the appellate court affirmed in part, reversed in part, and remanded. 335 Ill. App. 3d 875. As an initial matter, the court addressed its jurisdiction and repeated its statements that, essentially, Waterhouse Securities filed two motions—a motion to strike and a motion to compel—and that, consequently, the trial court made two rulings. The court concluded, however, "While an order denying a motion for dismissal is not a final and appealable determination but, rather, is interlocutory in nature [citations], we nonetheless have jurisdiction to review the circuit court's denial of Waterhouse's motion to strike because that motion was a necessary and at-

tendant part of the court's refusal to compel arbitration." 335 Ill. App. 3d at 881.

On the merits, the appellate court noted that Illinois law is "not clear" about the extent to which a putative class action plaintiff must plead the requirements in section 2—801. 335 Ill. App. 3d at 882. The court concluded:

"[A] representative plaintiff is not required to allege all the details necessary to establish that his class action is maintainable pursuant to section 2—801 in bringing a claim or claims as a class action. Rather, the plaintiff need only allege a viable individual cause of action, indicate that the claim is being brought as a class action lawsuit, and contain factual allegations that are broad enough in scope to establish the possible existence of a class action suit as contemplated by section 2—801. If there is no possibility that a claim can be maintained as a class action, then dismissal of the class action allegations is proper pursuant to section 2—615. On the other hand, if there is any possibility that a class action can be maintained for some members of a class, dismissal under section 2—615 is not warranted.

In determining whether a complaint brought as a class action is legally sufficient under section 2—615, the circuit court should not inquire into whether the factual allegations establish the statutory prerequisites for maintaining a class action litigation. Whether the statutory prerequisites for a class action exists [*sic*] in a case should be decided only when the issue of certification is specifically raised before the circuit court. *** A motion for certification and a motion to dismiss under section 2—615 are not the same thing and involve separate and distinct inquiries." 335 Ill. App. 3d at 883-84.

The court held that Weiss' complaint sufficiently stated a class action: "The complaint alleges that plaintiff and a number of other Waterhouse customers shared difficulties in using Waterhouse's trading services during the class period. Taking the complaint's allegations as true ***, the possibility that plaintiff's claims can be maintained as a class action cannot be ruled out." 335

Ill. App. 3d at 884. The court, however, expressed no opinion on whether the complaint would survive a certification hearing. 335 Ill. App. 3d at 884-85.

Turning to Waterhouse Securities' "second" motion, the motion to compel, the appellate court stated, "the issue of certification was never properly before the circuit court." 335 Ill. App. 3d at 886. None of the conditions triggering arbitration had occurred; thus, "[t]he issue of whether plaintiff's individual claims should be compelled to arbitration, therefore, was not ripe for the circuit court's determination and, accordingly, the court's decision denying Waterhouse's motion to compel was premature." 335 Ill. App. 3d at 886. The court affirmed that portion of the trial court's order denying Waterhouse Securities' motion to dismiss and reversed those portions of the order finding common questions predominated and denying its motion to compel. 335 Ill. App. 3d at 886.

Waterhouse Securities again appealed to this court, and we granted its second petition for leave to appeal. See 177 Ill. 2d R. 315(a). We granted the Chamber of Commerce of the United States of America leave to file a brief as *amicus curiae* in support of Waterhouse Securities. See 155 Ill. 2d R. 345. Weiss filed a motion to dismiss this appeal for lack of jurisdiction. We took this motion with the case.

## ANALYSIS

Before proceeding to the merits of this appeal, we must initially decide Weiss' motion to dismiss. Weiss argues that this court lacks jurisdiction to review the trial court's order denying Waterhouse Securities' motion to strike because that was an unappealable interlocutory order. Weiss further argues that this court lacks jurisdiction to review the issues raised by Waterhouse Securities' motion to compel because the trial court never ruled on that motion. According to Weiss, the court's order was limited to the motion to strike. Even if the

court had ruled on the motion to compel, Weiss contends, Waterhouse Securities cannot bootstrap an unappealable interlocutory order onto the admittedly appealable interlocutory order on the motion to compel.

Waterhouse Securities answers that this jurisdictional issue was raised by Weiss in response to Waterhouse Securities' first petition for leave to appeal, and thus was previously considered by this court in its supervisory order to the appellate court. According to Waterhouse Securities, this court's order essentially conferred jurisdiction, and this ruling has become the law of the case. Further, Waterhouse Securities argues that the validity of the trial court's ruling on the motion to compel depended upon the validity of its ruling on the motion to strike.

We agree with Waterhouse Securities. By ordering the appellate court to review the propriety of the trial court's order denying the motion to strike, we decided that the appellate court had jurisdiction. Our earlier decision is now the law of the case. See *People v. Tenner*, 206 Ill. 2d 381, 395 (2002). Additionally, the appellate court was right: the decisions on the motion to strike and the motion to compel were intertwined. That is, the validity of any order on the motion to strike class allegations determined the validity of any order on the motion to compel arbitration, and the order denying the motion to compel arbitration was appealable under Rule 307(a)(1). See *Notaro*, 98 Ill. 2d at 271; *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105 (2001).

Waterhouse Securities could have chosen a procedurally cleaner route by filing only a motion to strike. If that motion were granted, Waterhouse Securities then could have filed a separate motion to compel arbitration. If the motion to strike were denied, Waterhouse Securities then could have sought a finding under Rule 304(a) (155 Ill. 2d R. 304(a)), making an interlocutory order appealable,

or pursued a certified-question appeal under Rule 308 (155 Ill. 2d R. 308; see, *e.g., McCarthy v. La Salle National Bank & Trust Co.*, 230 Ill. App. 3d 628 (1992); *Elder v. Coronet Insurance Co.*, 201 Ill. App. 3d 733 (1990)). The route Waterhouse Securities followed, however, was not improper. We need not force a litigant to file two motions when the ruling on the motion to compel would be a foregone conclusion after the ruling on the motion to strike. We turn to the merits of this interlocutory appeal.

Waterhouse Securities contends that the appellate court erred in concluding that the trial court should not inquire whether the plaintiff's complaint establishes the statutory class action prerequisites. Waterhouse Securities asserts in its brief, "No court—other than the Appellate Court in this case—has ever held that a motion to strike class allegations pursuant to Sections 2—615 and 2—801 was somehow procedurally improper." Waterhouse Securities, however, ignores the fact that its motion to strike and dismiss refers only to section 2—801, which provides the prerequisites for class certification; it does not refer to section 2—615(a), or to section 2 of the Uniform Arbitration Act (710 ILCS 5/2 (West 2002) ("Proceedings to compel or stay arbitration")). More importantly, Waterhouse Securities misreads the appellate court's opinion. The appellate court never held that defendants can no longer file motions to strike class allegations. In fact, as Weiss correctly notes, the appellate court acknowledged that class action allegations may properly be dismissed "[i]f there is no possibility that a claim can be maintained as a class action." 335 Ill. App. 3d at 883. This holding is consistent with long-standing precedent.

Though the class action statute itself does not require the plaintiff to plead facts establishing the class action prerequisites (*Arriola v. Time Insurance Co.*, 296 Ill. App.

3d 303, 307 (1998)), "Illinois courts have consistently recognized that a class action complaint should be dismissed at the pleading stage if the complaint fails to meet the statutory requirements for class certification" (*Bruemmer v. Compaq Computer Corp.*, 329 Ill. App. 3d 755, 764 (2002), citing *McCabe v. Burgess*, 75 Ill. 2d 457, 466-67 (1979)). Notably, in our first opinion construing the statutory class action provisions, we held that, in reviewing the dismissal of a class action, "we shall measure this action in terms of the [class-action] statute." *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 337 (1977); accord *Barliant v. Follett Corp.*, 74 Ill. 2d 226, 232 (1978) ("The question, then, is whether in the instant case the [statutory] prerequisites *** for the maintenance of a class action, are met"); *Elder*, 201 Ill. App. 3d at 755 (holding that the plaintiff's complaint failed to allege sufficiently "the prerequisites needed to maintain a class action under section 2—801"); *Blake v. State Farm Mutual Automobile Insurance Co.*, 168 Ill. App. 3d 918, 921 (1988); *Scott v. Ambassador Insurance Co.*, 100 Ill. App. 3d 184, 185 (1981) ("The sole issue, as stated by the parties, is whether the four prerequisites to a class action were sufficiently set forth *** to withstand a motion to dismiss"); *Saldana v. American Mutual Corp.*, 97 Ill. App. 3d 334, 337 (1981); *Morrissy v. Eli Lilly & Co.*, 76 Ill. App. 3d 753, 757-58 (1979); see also *Hagerty v. General Motors Corp.*, 59 Ill. 2d 52, 59 (1974) ("the circuit court was correct in striking the class action allegations of the plaintiff's complaint"); *Goetz v. Village of Hoffman Estates*, 62 Ill. App. 3d 233, 235 (1978) ("The sole issue for our consideration is whether plaintiffs' amended complaint sets forth facts sufficient to support the maintenance of a class action"); see generally L. Tornquist, *Roadmap to Illinois Class Actions*, 5 Loy. U. Chi. L.J. 45, 65-66 (1974) ("The complaint must contain a plain and concise statement of the cause of action and

should affirmatively allege facts which indicate that the representative party has a right to maintain the class action and that he filed the action on behalf of all members of the class described in the pleading"). That much is clear. What is less clear is, as the appellate court put it, *"[t]he extent* to which a plaintiff asserting a claim as a class action must plead the statutory requirements listed in section 2—801." (Emphasis added.) 335 Ill. App. 3d at 882. In other words, how much must a putative class representative plead regarding these statutory requirements in order to survive a motion to strike?

As we have stated time and again, "Illinois is a fact-pleading jurisdiction." *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003). That is, a plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action. *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997); *Teter v. Clemens*, 112 Ill. 2d 252, 256 (1986); see *Gonzalez v. Thorek Hospital & Medical Center*, 143 Ill. 2d 28, 35 (1991) (observing that a plaintiff must allege facts "necessary to recover" in order to state a cause of action). When that cause of action is also a class action, the plaintiff must allege facts sufficient to bring the claim within the statutory prerequisites for a class action. Section 2—801, "Prerequisites for the maintenance of a class action," provides:

> "An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3) The representative parties will fairly and adequately protect the interest of the class.
>
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2—801 (West 2002).

Here, the parties agree that the only statutory prerequisite at issue is section 2—801(2). The parties dispute whether Weiss' complaint sufficiently alleges that common questions of fact or law predominate over individual questions. Quoting *Key v. Jewel Cos.*, 176 Ill. App. 3d 91, 94-95 (1988), Waterhouse Securities asserts "the test for whether common questions predominate is 'whether the successful adjudication of the plaintiffs' claim will establish a right to recovery in the class members.' " According to Waterhouse Securities, Weiss' complaint fails this test because even if he establishes his individual claims, he does not necessarily establish claims for all class members because the class undoubtedly includes customers who never attempted to execute trades during service interruptions or delays, as well as customers who may have benefitted from their inability to execute trades, customers who had other means of executing trades through other accounts, customers who had subsequent opportunities to execute their contemplated trades at the same or better prices, and customers whose access problems were not caused by Waterhouse Securities.

This "successful adjudication" test certainly applies to cases arising in the class certification context, and some courts have employed it in the context of motions to strike class allegations. See, *e.g.*, *McCarthy*, 230 Ill. App. 3d at 634; *Scott*, 100 Ill. App. 3d at 187; *Morrissy*, 76 Ill. App. 3d at 762; *Goetz*, 62 Ill. App. 3d at 236; *Barton Chemical Corp. v. Hertz Corp.*, 52 Ill. App. 3d 214, 217 (1977). But applying this test in both contexts is problematic because motions to certify a class and motions to strike class allegations serve very different purposes. "The appropriate way to determine whether to certify a class is by a motion for class certification." *Enzenbacher v. Browning-Ferris Industries of Illinois, Inc.*, 332 Ill. App. 3d 1079, 1084 (2002). The appropriate way

to determine whether to strike insufficient class action allegations is by a motion to dismiss under section 2—615(a). The former motion is typically brought by a putative class action plaintiff, who asks the court, based on evidentiary materials adduced through discovery, to find that the case can proceed as a class action. The latter motion is typically brought by a defendant, who asks the court, based on the face of the complaint, to dismiss the plaintiff's class action allegations as legally insufficient. The showing that Weiss must make in seeking class certification is correspondingly higher than the showing he must make to withstand a motion to strike class allegations. Unlike the class action prerequisites at certification, here they are not a matter of proof, but a matter of pleading.

This distinction affects the standard of review on appeal. A certification decision is reviewed for an abuse of discretion (see *McCabe*, 75 Ill. 2d at 464); a dismissal is reviewed *de novo* (see *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147-48 (2002)). As the appellate court correctly observed, "If a motion to dismiss class allegations under section 2—615 is allowed to raise the matter of certification, a reviewing court, upon review of the circuit court's certification decision, will be required to engage in an independent determination of the certification elements, despite the statutory directive that such a determination be vested with the circuit court." 335 Ill. App. 3d at 884.

To the extent that "establish" means "prove" (see Black's Law Dictionary 566 (7th ed. 1999)) as opposed to "allege," the appellate court was correct when it said the trial court should not inquire whether the putative class action plaintiff's complaint establishes the statutory class action prerequisites. The plaintiff's complaint simply must contain allegations which implicate, or bring the complaint within, these prerequisites. It is enough that the factual allegations are sufficiently broad in scope to

plead the possible existence of a class action claim under section 2—801. 335 Ill. App. 3d at 883. Against this background, we examine the allegations of Weiss' complaint *de novo*.

Weiss alleged that, in promotional materials and advertisements, Waterhouse Securities solicited customers to open low commission securities trading accounts, which they could access instantly through their computers, telephones, or branch office brokers 24 hours a day. Beginning January 2, 1999, Weiss charged, he and his fellow customers repeatedly tried, but "were unable to access their accounts to purchase and sell securities through their personal computers" and "could not purchase or sell securities through their assigned brokers, as their attempts to reach their brokers by telephone were met with repeated busy signals or excessive hold times." As a result, Weiss and his fellow customers purportedly "have been unable to purchase and sell securities and take advantage of changing conditions in the market" and "were not even certain at various times as to what securities positions they held in the market because of lack of confirmations." When Waterhouse Securities made its representations regarding 24-hour instant access, Weiss claimed, it knew or should have known that it lacked "sufficient equipment or personnel to make good on its promises." Weiss and his fellow customers relied on these representations to their detriment; they would not have opened accounts if they had known the truth about Waterhouse Securities' services.

According to Weiss,

"There are questions of fact and law common to the Class which predominate over any individual questions affecting any individual Class members. These questions include:

a. Whether Waterhouse breached its contract with its customers by failing to provide customers: (i) access to their Trading Accounts and the ability to

purchase and sell securities through their personal computers; and (ii) access to their assigned brokers by telephone during the Class Period.

b. Whether Waterhouse breached its covenant of good faith and fair dealing with its customers by failing to provide customers: (i) access to their Trading Accounts and the ability to purchase and sell securities through their personal computers; and (ii) access to their assigned brokers by telephone during the Class Period.

c. Whether Waterhouse has acted deceptively or unfairly and engaged in deceptive trade practices in soliciting customers and selling its services, including Trading Accounts, to those customers.

d. Whether Waterhouse has engaged in violations of the consumer fraud laws of Illinois and other states.

e. Whether members of the Class have been damaged by the inability of Waterhouse to allow members of the Class to purchase and sell securities and/or to confirm securities trades during the Class Period."

We agree with the appellate court that the possibility Weiss can maintain these claims as a class action "cannot be ruled out." 335 Ill. App. 3d at 884. The allegations of the complaint indicate that common issues of fact or law may predominate. Clearly, despite his allegation that he "brings this action individually and on behalf of defendant's customers who had brokerage accounts with defendant," Weiss represents only those Waterhouse Securities customers who sought to purchase securities, sell securities, or confirm either securities purchases or sales. For these customers, the operative facts are identical. Waterhouse Securities promised 24-hour instant account access; class members accepted this promise by opening accounts governed by the same agreement; Waterhouse Securities broke this promise when it experienced service interruptions and delays during the class period; and class members suffered damages when these interruptions and delays prevented them from accessing

456

their accounts to trade securities or to verify their market positions. These allegations are sufficient to bring Weiss' complaint within section 2—801(2).

We acknowledge that Waterhouse Securities raises valid concerns about this class action. Similar concerns were recently addressed in a similar case, *Hoang v. E\*Trade Group, Inc.*, 151 Ohio App. 3d 363, 784 N.E.2d 151 (2003). In *Hoang*, the Ohio Court of Appeals held that the trial court abused its discretion in granting certification to a class of investors who encountered account access problems with their securities broker's online services. *Hoang*, 151 Ohio App. 3d at 365, 784 N.E.2d at 152. The court of appeals reasoned that, because the impact of these problems would have to be determined for each attempted trade, "liability as to each individual plaintiff's claims cannot be ascertained on a classwide basis in a single adjudication." *Hoang*, 151 Ohio App. 3d at 371, 784 N.E.2d at 157. However persuasive *Hoang* seems, it is inapposite here. Unlike the issue in *Hoang*, the issue in the case before us is not whether the trial court abused its discretion in granting class certification, but whether the trial court correctly denied the defendant's motion to strike the plaintiff's class action allegations. Waterhouse Securities is correct that class certification is improper where individual questions of fact predominate, but, we repeat, this case has not reached the class certification stage. Waterhouse Securities is free to pursue such arguments on remand.

CONCLUSION

For the reasons that we have discussed, we deny Weiss' motion to dismiss and affirm the judgment of the appellate court, which remanded the cause for further proceedings.

*Motion denied;*
*appellate court judgment affirmed.*