# Illinois Official Reports

## Appellate Court

---

### *Aasen v. Rickert*, 2018 IL App (2d) 170036

---

| | |
|---|---|
| Appellate Court Caption | CAROLE E. AASEN *et al.*, Plaintiffs-Appellants, v. DAVID J. RICKERT, Treasurer and *ex officio* Collector of Kane County, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-17-0036 |
| Filed<br>Rehearing denied | February 5, 2018<br>March 19, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, Nos. 15-TX-164, 15-TX-165, 15-TX-167; the Hon. M. Katherine Moran, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas J. McNulty, Steven F. Pflaum, David S. Martin, and Amanda E. Fraerman, of Neal, Gerber & Eisenberg LLP, of Chicago, for appellants.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Lindsay A. Hatzis and Joseph F. Lulves, Assistant State's Attorneys, of counsel), for appellee. |

| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. |
| | Justices Zenoff and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiffs, Carole Aasen and approximately 665 other tax objectors (Objectors), appeal the judgment of the trial court denying their motion for summary judgment and dismissing their tax objection complaints against defendant, David J. Rickert, treasurer and *ex officio* collector of Kane County (Collector). The Objectors argue that the Kane County clerk lacked the authority to use the Illinois Department of Revenue's amended apportionments for tax year 2012 to collect taxes in tax year 2014. We affirm.

¶ 2                                        I. BACKGROUND

¶ 3                                      A. Stipulated Facts

¶ 4    The parties stipulated to the relevant facts in these three cases, consolidated in the trial court, as follows. The Objectors each own real property in a part of Kane County within a taxing district that lies in at least one other county. Specifically, the Objectors own property located in the following taxing districts lying in the following counties:

| District | Counties |
| --- | --- |
| Elgin School District U46 | Kane, Du Page, and Cook |
| Elgin College District 509 | Kane, Cook, and De Kalb |
| Elgin City | Kane and Cook |
| Gail Borden Library | Kane and Cook |

¶ 5    The drafters of the 1970 Illinois Constitution, recognizing the need for the fair apportionment of the burden of taxation of property in taxing districts that overlap more than one county, provided as follows:

"The General Assembly may provide by law for fair apportionment of the burden of taxation of property situated in taxing districts that lie in more than one county." Ill. Const. 1970, art. IX, § 7.

¶ 6    Accordingly, section 18-155 of the Property Tax Code (Code) (35 ILCS 200/18-155 (West 2014)), entitled "Apportionment of taxes for districts in two or more counties," provides for the fair apportionment of that burden. To accomplish this goal, section 18-155 authorizes the Department of Revenue (DOR) to apportion the amounts to be raised by taxation on property in a district that overlaps multiple counties, so that each county bears the burden as though all parts of the district had been assessed at the same proportion of actual value. It also authorizes the DOR to certify to each county clerk the percentage constituting that county's burden, which the clerk will apply to the property of the taxing district that lies in that county. 35 ILCS 200/18-155(c) (West 2014).

¶ 7    Section 18-155 of the Code provides in relevant part:

"The burden of taxation of property in taxing districts that lie in more than one county shall be fairly apportioned as provided in Article IX, Section 7, of the Constitution of 1970.

*** When the Department has received a written request for equalization for overlapping tax districts as provided in this Section, the Department shall promptly notify the county clerk and county treasurer of each county affected by that request that tax bills with respect to property in the parts of the county which are affected by the request may not be prepared or mailed until the Department certifies the apportionment among counties of the taxing districts' levies, except as provided in subsection (c) of this Section. To apportion, the Department shall:

(a) On or before December 31 of that year cause an assessment ratio study to be made in each township in which each of the named overlapping taxing districts lies, using equalized assessed values as certified by the county clerk, and an analysis of property transfers prior to January 1 of that year. The property transfers shall be in an amount deemed reasonable and proper by the Department. The Department may conduct hearings, at which the evidence shall be limited to the written presentation of assessment ratio study data.

(b) Request from the County Clerk in each County in which the overlapping taxing districts lie, certification of the portion of the assessed value of the prior year for each overlapping taxing district's portion of each township. Beginning with the 1999 taxable year, for those counties that classify property by county ordinance pursuant to subsection (b) of Section 4 of Article IX of the Illinois Constitution, the certification shall be listed by property class as provided in the classification ordinance. The clerk shall return the certification within 30 days of receipt of the request.

(c) Use the township assessment ratio studies to apportion the amount to be raised by taxation upon property within the district so that each county in which the district lies bears that burden of taxation as though all parts of the overlapping taxing district had been assessed at the same proportion of actual value. The Department shall certify to each County Clerk, *by March 15*, the percent of burden. Except as provided below, the County Clerk shall apply the percentage to the extension as provided in Section 18-45 to determine the amount of tax to be raised in the county.

If the Department of Revenue does not certify the percent of burden in the time prescribed, *the county clerk shall use the most recent prior certification to determine the amount of tax to be raised in the county.*

If the use of a prior certified percentage results in over or under extension for the overlapping taxing district in the county using same, the county clerk shall make appropriate adjustments *in the subsequent year*. Any adjustments necessitated by the procedure authorized by this Section shall be made by increasing or decreasing the tax extension by fund for each taxing district where a prior certified percentage was used. No tax rate limit shall render any part of a tax levy illegally excessive which has been apportioned as herein provided. The percentages certified by the Department *shall remain until changed by reason of another assessment ratio study made under this Section.*" (Emphases added.) 35 ILCS 200/18-155 (West 2014).

¶ 8    In this case, for the tax year 2012, the DOR did not certify the apportionments for the districts at issue to the county clerks by March 15, 2013. Accordingly, the Kane County clerk

used the most recent prior certification to determine the Objectors' property taxes for tax year 2012.

¶ 9    On May 15, 2013, the DOR certified the apportionments for tax year 2012 to the county clerks. The DOR's apportionment percentage for Kane County was lower than in the certification used for the tax bills issued for tax year 2012. On March 14, 2014, the DOR certified the apportionments for tax year 2013. On March 26, 2014, when the Kane County clerk extended the tax burden for tax year 2013, he reduced the amount of tax extended to adjust for the overextension in tax year 2012. The parties do not dispute that the Kane County clerk had the authority pursuant to section 18-155(c) of the Code to make this adjustment.

¶ 10    On May 21, 2014, the DOR certified a "Corrected" apportionment of the districts' tax burdens for tax year 2012, and on December 12, 2014, the DOR certified "Amended" apportionments of the districts' tax burdens. For tax year 2014, the Kane County clerk applied the amended apportionments to the extension for tax year 2012. On February 9, 2015, the Kane County clerk informed the Objectors via letter that:

> "[F]or the past two years the tax rates for the taxing districts [at issue] were disproportionately low due to an issue with the percent of burden that Kane County property owners pay to the [taxing districts at issue].
>
> *** The percentages the Department of Revenue assigned to Kane County were too low and were too high in DuPage and Cook Counties based upon numbers they received from this office in 2011 and 2012 and did not reflect an accounting change due to a software issue.
>
> The software issue has been resolved, but the affected parcels will have to pay an increased rate for the 2014 tax year to make up the difference. As a result, the tax rate for the affected districts will increase."

Thus, in 2015, when the Kane County clerk extended the tax burden in the Objectors' districts for tax year 2014, the extension included a "Manual Adjustment" that reflected the amended apportionments for tax year 2012.

¶ 11    The apportionments for tax year 2012 were:

| District | Originally extended by clerk May 2013 using prior certified percentage | Certified by DOR May 2013 & adjusted by clerk March 2014 | Amended by DOR Dec. 2014, with "Manual Adjustment" included in 2015 |
|---|---|---|---|
| Elgin U46 | 34.28% | 31.54% | 33.63% |
| Elgin 509 | 61.62% | 60.53% | 61.86% |
| Elgin City | 79.61% | 78.47% | 79.60% |
| Borden | 68.21% | 66.40% | 68.09% |

¶ 12                                B. Proceedings

¶ 13     On October 1, 2015, the Objectors filed tax objection complaints against the Collector, pursuant to section 23-5 of the Code (35 ILCS 200/23-5 (West 2014)), alleging that the Kane County clerk's application of the amended apportionments for tax year 2012 to the collection of taxes for tax year 2014 was void and illegal pursuant to, *inter alia*, section 18-155 of the Code.

¶ 14     The Objectors moved for summary judgment. On January 10, 2017, after hearing the parties' arguments, the trial court denied the Objectors' motion for summary judgment and dismissed their complaints, stating, in part:

     "[T]he language of Section 18-155, the objective in ensuring correct, appropriate adjustments are made, and the burden of taxation of property in taxing districts that lie in more than one county—that lie in more than one county is fairly apportioned as provided by the statute, this Court finds that the action taken by the County Clerk is not contrary to [the] statute and the county clerk is authorized under Section 18-155 to adjust the tax objector's [*sic*] 2014 taxes to account for the apportionment for 2012."

¶ 15     The Objectors filed their notice of appeal on January 12, 2017.

¶ 16     After the parties filed their appellate briefs, this court, on its own motion, ordered the parties to prepare supplemental briefs addressing "(1) what the legislative intent and legislative history of section 18-155 of the Code provides relating to the county clerk's authority and/or obligation to extend taxes after receiving a certification, and (2) how the legislative history and legislative intent support their respective interpretations of Section 18-155."

¶ 17                                II. ANALYSIS

¶ 18     The Objectors argue that the trial court erred by denying their motion for summary judgment and by dismissing their tax objection complaints because the Kane County clerk lacked the authority to use the DOR's amended apportionments for tax year 2012 in connection with the extension for tax year 2014.

¶ 19     Summary judgment motions are governed by section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2014)). Pursuant to that section, summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2014). Whether summary judgment was appropriate in this case turns on the trial court's interpretation of section 18-155 of the Code.

¶ 20     We review *de novo* an order granting or denying summary judgment. See *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 309 (2010). *De novo* review is also appropriate to the extent that this case turns on construction of the Code and thus presents a question of law. See *Better Government Ass'n v. Zaruba*, 2014 IL App (2d) 140071, ¶ 20.

¶ 21     The Objectors argue that the Kane County clerk lacked the authority to use the DOR's 2014 certified amended apportionments for tax year 2012. The Objectors contend that section 18-155(c) of the Code allows a county clerk to adjust an apportionment only in "the subsequent year," meaning the following tax year, which in this case was 2013. The Collector argues that this interpretation is contrary to the plain language and purpose of the statute. The Collector contends that "the subsequent year" means the year after the DOR certifies the apportionment.

¶ 22    The primary rule of statutory interpretation is to give effect to the intent of the legislature. *Board of Education of Springfield School District No. 186 v. Attorney General of Illinois*, 2017 IL 120343, ¶ 24. The best evidence of the legislature's intent is the language of the statute itself, given its plain and ordinary meaning. *Id.* We must avoid interpreting a statute in a manner that would create absurd results or render part of the statute a nullity. See *Nelson v. Artley*, 2015 IL 118058, ¶¶ 25, 27. "Additionally, in construing statutes relating to the levying and collection of taxes, this court has sought to give them a reasonable and commonsense meaning, so as to avoid making it difficult or impossible for taxes to be levied and collected." *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill. 2d 161, 169 (1995).

¶ 23    The Objectors' interpretation, that "the subsequent year" means the following tax year, is counter to these principles and reads into the relevant language the words "tax year." This interpretation ignores the purpose of the statute, which, again, provides:

> "The burden of taxation of property in taxing districts that lie in more than one county shall be fairly apportioned as provided in Article IX, Section 7, of the Constitution of 1970." 35 ILCS 200/18-155 (West 2014).

¶ 24    Under section 18-155, the DOR conducts an assessment ratio study in each township in which an overlapping district lies, by using equalized assessed values of taxable property and an analysis of property transfers. 35 ILCS 200/18-155(a) (West 2014). The DOR then uses these studies to apportion the amount of property tax to be raised within the district, "so that each county in which the district lies bears that burden of taxation as though all parts of the overlapping taxing district had been assessed at the same proportion of actual value." 35 ILCS 200/18-155(c) (West 2014). The DOR then certifies to each county clerk the percentage constituting that county's burden. *Id.*

¶ 25    A county clerk's duty is to fix the amount of taxes that will be extended. *In re Application for Judgment & Sale*, 167 Ill. 2d at 174. A county clerk's duties in the extension of taxes are purely ministerial; thus, a clerk has no power to determine whether taxes have been legally assessed. *Id.*

¶ 26    Here, once the DOR certified the amended apportionments, the Kane County clerk had a duty to extend the taxes to determine the amount to be raised. See *id.* If it were otherwise, the DOR's mandate would be thwarted. In determining the legislature's intent, we consider the necessity and purpose for the law, the evils sought to be remedied, and the goals sought to be achieved. *Progressive Universal Insurance Co. v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 134 (2005).

¶ 27    Although the Objectors urge this court to limit "the subsequent year" to mean subsequent tax year, we will not read this limitation into the statute, particularly where it conflicts with the legislature's express intent, namely, that "[t]he burden of taxation of property in taxing districts that lie in more than one county shall be fairly apportioned." 35 ILCS 200/18-155 (West 2014); see *Brunton v. Kruger*, 2015 IL 117663 ¶ 24 (in interpreting a statute, a court must not read into it exceptions, limitations, or conditions that conflict with the express intent of the legislature). The Objectors' interpretation would defeat the stated purpose of section 18-155 by prohibiting a county clerk from applying a fair apportionment, as determined by the DOR, to property in taxing districts that lie in more than one county. See *Brucker v. Mercola*, 227 Ill. 2d 502, 514 (2007) (each word, clause, and sentence in a challenged statute is to be given some reasonable meaning and not rendered superfluous).

¶ 28 Further, the Objectors' interpretation would produce an unjust result in this case by nullifying the Kane County clerk's appropriate extension based upon the correct apportionments as certified by the DOR. See *Progressive Universal Insurance Co.*, 215 Ill. 2d at 134 (when interpreting a statute, a court must presume that the legislature did not intend to produce absurd, inconvenient, or unjust results). As stated in the Kane County clerk's February 2015 letter, "[t]he percentages the Department of Revenue assigned to Kane County were too low and were too high in DuPage and Cook Counties." If we adopt the Objectors' interpretation as to the amended apportionments, the statute's purpose would not be implemented, and it would be rendered a nullity. See *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002) (when interpreting a statute, courts may consider the nature and object of the statute and the consequences that would result from construing it one way or the other).

¶ 29 The Objectors support their interpretation of "the subsequent year" in section 18-155 by citing section 18-157 of the Code. 35 ILCS 200/18-157 (West 2014). Section 18-157 provides in relevant part:

> "If a court, in any tax objection based on the apportionment of an overlapping taxing district under Section 18-155, enters a final judgment that there was an over extension or under extension of taxes for an overlapping taxing district based on the apportionment under Section 18-155 for the year for which the objection was filed, the county clerks of each county in which there was an under extension shall proportionately increase the levy of that taxing district by an amount specified in the court order in that county *in the subsequent year or in any subsequent year* following the final judgment of the court." (Emphasis added.) *Id.*

¶ 30 The Objectors contend that section 18-157 and section 18-155 use the phrase "the subsequent year" to refer to the year immediately following the tax year for which an apportionment is at issue. However, words in a statute must be read in context, rather than in isolation. *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 229 (2000). The Objectors' interpretation of the phrase in section 18-157 entirely ignores the context in which it appears. The legislature was addressing the action that county clerks must take when a court enters a specific final judgment. When read in context, that phrase, as well as the phrase "or in any subsequent year," relates to the "final judgment of the court" (35 ILCS 200/18-157 (West 2014)). Thus, the Objectors' interpretation of the phrase in section 18-157 does not support their interpretation of the phrase in section 18-155. Under section 18-155, the phrase relates to the DOR's certification of an apportionment, which it may do in any subsequent year, requiring the ministerial application by the clerk of a tax rate consistent with that apportionment.

¶ 31 Further, the Objectors fail to cite authority limiting the DOR to one apportionment, and we have found no indication that the legislature intended to limit when the DOR may amend an apportionment. Although section 18-155(c) provides that "[t]he Department shall certify to each County Clerk, *by March 15*, the percent of burden," that section also provides that, if the DOR "does not certify the percent of burden in the time prescribed, the county clerk shall use the most recent prior certification" and that "[t]he percentages certified by the Department shall remain until changed by reason of another assessment ratio study made under this Section." 35 ILCS 200/18-155(c) (West 2014). The statute further provides: "If the use of a prior certified percentage results in over or under extension for the overlapping taxing district in the county using same, the county clerk shall make appropriate adjustments *in the*

*subsequent year.*" *Id.* Reading the statute as a whole, we determine that "the subsequent year" means the year after the DOR certifies the apportionment. Under the Objectors' interpretation, if the DOR had certified a *lower* percentage in this case, the Kane County clerk would not be authorized to make an adjustment in the Objectors' favor. Because the Objectors' interpretation is illogical, and for the reasons stated above, we reject the Objectors' interpretation.

¶ 32　　In addition, the Objectors argue that their interpretation is supported by the recent addition of section 18-156 to the Code. The Objectors contend that section 18-156, applicable for tax year 2015 and thereafter (35 ILCS 200/18-156(e) (West 2016)), authorizes the DOR to revise an apportionment if a county's share of an overlapping taxing district's tax levy "is subsequently determined to exceed 105% of what that county's share should have been." 35 ILCS 200/18-156(a) (West 2016). Therefore, the Objectors argue, here the DOR had no such authority to revise the apportionment because section 18-156 was not yet effective.

¶ 33　　The argument fails because the Objectors fail to recognize that section 18-155 provides that "[t]he percentages certified by the Department shall remain until changed by reason of another assessment ratio study made under this Section." 35 ILCS 200/18-155(c) (West 2014). Further, section 18-155 does not limit the DOR's authority to revise an apportionment. Accordingly, we reject the Objectors' argument regarding section 18-156.

¶ 34　　The Objectors also argue that the Kane County clerk's manual adjustment was erroneous because "taxes must have some degree of finality, stability, and security to the taxpayer." *Hamer v. Kirk*, 57 Ill. App. 3d 335, 341 (1978). We recognize the importance of these goals. However, the purpose of section 18-155 is to fairly apportion the burden of taxation of property in taxing districts that lie in more than one county. Section 18-155 provides a mechanism to achieve this purpose by allowing county clerks to make adjustments when the use of prior certifications results in over or under extensions. The legislature does not appear to have sought finality in achieving this purpose, and though citing *Hamer* for the general proposition, the Objectors do not cite authority directly on point.

¶ 35　　Accordingly, the trial court properly denied the Objectors' motion for summary judgment and dismissed the Objectors' tax objection complaints.

¶ 36　　　　　　　　　　　　　　　　III. CONCLUSION
¶ 37　　For the reasons stated, we affirm the trial court's order.

¶ 38　　Affirmed.