In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 21-2247

K.F.C., a minor, by her guardian Erin Clark,

*Plaintiff-Appellant*,

*v.*

SNAP INC.,

*Defendant-Appellee*.

———————————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:21-cv-9-DWD — **David W. Dugan**, *Judge*.

———————————

ARGUED JANUARY 7, 2022 — DECIDED MARCH 24, 2022

———————————

Before EASTERBROOK, ST. EVE, and KIRSCH, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. When she was 11 years old, K.F.C. signed up for a Snapchat account. The enrollment terms specify that a person must be at least 13 to have an account, but K.F.C. lied about her age. A few years later, she filed this suit under the diversity jurisdiction. (She is a citizen of Illinois, while Snap, which operates the Snapchat service, is incorporated in Delaware and has its principal place of business in California.) Contending that some of Snapchat's

features amount to facial recognition, which Illinois treats as a kind of biometric data, K.F.C. argues that the service violates the Illinois Biometric Privacy Act, 740 ILCS §§ 14/1 to 14/99, because it did not obtain her consent and does not follow the statute's purpose, disclosure, and retention rules.

In order to open a Snapchat account, a person must agree to Snap's terms and conditions. One of these is arbitration of disputes. K.F.C. acknowledges that she accepted these terms but denies that the arbitration clause (or any other part of the agreement) binds her. She concedes that she continued using Snapchat after turning 13 but maintains that this is irrelevant, because she was (and still is) under 18. The district court was not persuaded, ordered the parties to arbitrate, and dismissed the suit. 2021 U.S. Dist. LEXIS 108695 (S.D. Ill. June 10, 2021). The judge held that the arbitrator, not a court, must decide whether K.F.C.'s youth is a defense to the contract's enforcement. Because the judge dismissed the suit outright, 9 U.S.C. §16(a)(3) allows her to appeal, see *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79 (2000), and she did so.

K.F.C.'s argument starts with the proposition that, because arbitration is a matter of contract, judges must decide that a contract has been formed before they may order arbitration. So the Supreme Court held in *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643 (1986). Even the most sweeping delegation cannot send the contract-formation issue to the arbitrator, because, until the court rules that a contract exists, there is simply no agreement to arbitrate. Any potentially contrary language in *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 738, 741–43 (7th Cir. 2010), must be understood in the light of *AT&T Technologies*, which emphasizes that the arbitrator cannot resolve any issues until the court has

ascertained that there is an actual agreement; the breadth of a delegation is irrelevant if the parties did not enter into a contract. But, if there is a contract, then an arbitration clause may delegate all other issues, including defenses, to the arbitrator, see *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010)—and Snapchat's terms include a broad delegation clause.

To the major premise from *AT&T Technologies*, K.F.C. adds the minor premise that a child cannot form a contract. This produces the conclusion that Snap does not hold any right to arbitrate with her, which means that the suit must proceed in court.

The problem with this syllogism lies in the minor premise. State law governs the power to form a contract. The parties agree that either California or Illinois supplies that law—and they also agree that the two bodies of law are materially identical, so we mention only Illinois law from here on. Illinois does not think that agreements between adults and children are void—that they must be ignored, no matter what. Illinois treats such agreements as voidable, which means that children may elect how to proceed once they come of age. See, e.g., *Fletcher v. Marshall*, 260 Ill. App. 3d 673 (2d Dist. 1994). The difference may be subtle, but it is important. A voidable agreement, unlike a void one, may be ratified. In other words, a child may choose to accept the agreement and claim its benefits, while also being bound by any detriments. Because a voidable agreement may or may not end up being applied, Illinois treats the age of the contracting parties as a potential defense to enforcement. See, e.g., *National Bank of Dixon v. Neal*, 5 Ill. 2d 328 (1955). That allows children to claim the benefits of their agreements. It means in turn that the potential

defense goes to the arbitrator—that *Rent-A-Center* rather than *AT&T Technologies* supplies the controlling rule.

None of the Illinois decisions that treats a child's contract as voidable concerns arbitration. Other states seem equally silent. But we have found one (and only one) federal appellate decision on the subject. *I.C. v. StockX, LLC*, 19 F.4th 873 (6th Cir. 2021), is all but identical to our case. A minor agreed to terms that included arbitration, then filed a federal suit and argued that, by virtue of his youth, the case must stay in court. The majority of the Sixth Circuit held that the claim must be arbitrated, because youth is a defense rather than an impediment to contractual formation under Michigan law (which appears to be identical in this respect to Illinois law). The dissenting judge argued that a child cannot form a contract at all, so a purported agreement is void. At oral argument Snap asked us to follow the majority in *StockX*, while K.F.C. predictably favored the dissent. We think that the majority has the better of the argument. As long as state law permits a child to ratify a contract, youth must be a defense rather than an obstacle to a contract's formation, and as a defense it goes to the arbitrator.

K.F.C. advances several other arguments in opposition to arbitration, but they boil down to a contention that at age 11 she was too young to form a contract. For example, she contends that there can't be a contract because Snap can't show offer and acceptance; it can't show offer, the argument goes, because she was 11 and the terms stated that only people 13 and up may have accounts. Yet this variant on the "too young" argument was not presented to the district court—at least, not presented except in passing, and certainly not developed. Under the circumstances it has been forfeited.

K.F.C. also contends that it would be against the public policy of Illinois to enforce any part of any agreement between a child and a commercial Internet service. That kind of argument, however, lays out a defense to enforcement of the agreement, and *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), holds that arguments about the validity of a whole agreement go to the arbitrator. "[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id*. at 449.

*Buckeye* relied on *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), for the conclusion that a state cannot reallocate functions between court and arbitrator by calling an agreement void. 546 U.S. at 446. The dissenting judge in *StockX* concluded that this must make the distinction between void and voidable contracts irrelevant for all purposes. Like the majority in *StockX*, we do not read *Buckeye* that way. After all, the Federal Arbitration Act itself says that arbitration is enforceable to the extent any promise is enforceable as a matter of state law. 9 U.S.C. §2. The Court's point was that federal rather than state law determines who (judge or arbitrator) plays which role in resolving a dispute. The holding of *Buckeye* is that a challenge to the validity (as opposed to the existence) of a contract always goes to the arbitrator, no matter how states characterize their views about enforceability. K.F.C.'s arguments about her youth and public policy concern the contract's validity, not its existence.

Snap contends that K.F.C. has ratified the agreement by continuing to use the Snapchat service, that its service does not come within the scope of the Biometric Privacy Act, and that for other reasons it is not liable. K.F.C. contends that her

age, and public policy, are defenses to enforcement. All of these matters are for the arbitrator.

AFFIRMED