2024 IL App (1st) 232467-U

No. 1-23-2467

Order filed July 26, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| RADIVOJE TUPANJAC, Father and Next Friend of LUKA TUPANJAC, a minor, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) ) | No. 22 L 6952 |
| v. | ) ) | Honorable |
| SZ ORLAND PARK, LLC, a limited liability company; ANTHONY LEMPARES, and ZACHARY FRENZEL, | ) ) ) ) | David B. Atkins, Judge, presiding. |
| Defendants-Appellees. | ) ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Plaintiff's legal arguments challenging the validity of a contract as a whole, and not specifically an arbitration clause, are themselves subject to arbitration.

¶ 2    Plaintiff Radivoje Tupanjac, father and next friend of Luka Tupanjac, a minor, appeals the circuit court's order in favor of defendants SZ Orland Park, LLC, Anthony Lempares, and Zachary Frenzel. The issues on appeal are whether the circuit court erred in granting defendants' motion to compel arbitration and stay litigation and denying plaintiff's motion for summary judgment because: (1) the Sky Zone waiver agreement is invalid and unenforceable under Illinois law, and

(2) the waiver agreement is perpetual in duration and thus terminable at will. For the following reasons, we vacate the circuit court's order and remand with instructions.

¶ 3                                I. BACKGROUND

¶ 4     Defendant SZ Orland Park, LLC, doing business as Sky Zone Vernon Hills, owns and operates a trampoline park in Vernon Hills, Illinois. On January 29, 2022, Nada Tupanjac signed a document titled "Sky Zone Vernon Hills Waiver" on behalf of her minor son, Luka Tupanjac. The waiver agreement contained various provisions, including a provision which purported to waive Luka Tupanjac's right to a jury trial and instead set forth that any disputes were subject to arbitration:

> "I understand that by agreeing to arbitrate any dispute as set forth in this section, I am waiving my right, and the right(s) of the minor child(ren) above, to maintain a lawsuit against SZ and the other Releasees for any and all claims covered by this Agreement. By agreeing to arbitrate, I understand that I will **NOT** have the right to have my claim determined by a jury, and the minor child(ren) above will **NOT** have the right to have claim(s) determined by a jury. \*\*\* **ANY DISPUTE, CLAIM OR CONTROVERSY ARISING OUT OF OR RELATING TO MY OR THE CHILD'S ACCESS TO AND/OR USE OF THE SKY ZONE PREMISES AND/OR ITS EQUIPMENT, INCLUDING THE DETERMINATION OF THE SCOPE OR APPLICABILITY OF THIS AGREEMENT TO ARBITRATE, SHALL BE** \*\*\* **DETERMINED BY ARBITRATION** \*\*\*"

(Emphasis in original). The waiver agreement stated that "this agreement extends forever into the future and will have full force and legal effect each and every time I or my [child] visit Sky Zone,

whether at the current location or any other location or facility." However, the agreement also stated that it would expire on January 29, 2023.

¶ 5 The following day, Luka Tupanjac, accompanied by his mother, visited Sky Zone. While participating in Sky Zone's "stunt zone" attraction, Luka Tupanjac was injured when another patron collided with him. In August 2022, plaintiff Radivoje Tupanjac, father and next friend of Luka Tupanjac, filed a complaint against Sky Zone, and Sky Zone employees Anthony Lempares and Zachary Frenzel. Plaintiff alleged that defendants were negligent, and that Sky Zone's conduct was willful and wanton. Plaintiff also sought declaratory relief that the Sky Zone waiver agreement was void and unenforceable as a matter of Illinois law.

¶ 6 Defendants filed a motion to compel arbitration and stay litigation, pursuant to the arbitration provision of the Sky Zone waiver agreement. The following day, plaintiff filed a motion for summary judgment. Plaintiff sought summary judgment on his declaratory relief claim, and additionally asked the circuit court to summarily determine that the waiver agreement was not a bar to plaintiff's negligence claims. After hearing the parties' arguments, the circuit court entered an order that granted defendants' motion to compel arbitration and stay litigation, and denied plaintiff's motion for summary judgment. This timely appeal followed. Ill. S. Ct. R.307(a)(1) (eff. Nov. 1, 2017).

¶ 7                                   II. ANALYSIS

¶ 8 Plaintiff argues the circuit court erred in granting defendants' motion to compel arbitration and denying plaintiff's motion for summary judgment because the Sky Zone waiver agreement is invalid and unenforceable under Illinois law, and because the waiver agreement is perpetual in duration and thus terminable at will. Plaintiff argues that the waiver agreement is unenforceable

because it violates the Physical Fitness Services Act (815 ILCS 645/1 *et seq.* (West 2022)), and because it violates public policy by allowing a parent to waive his or her child's right to jury trial in favor of arbitration. Defendants argue that the waiver agreement is not governed by the Act, does not violate public policy, and is not terminable at will.

¶ 9 The parties dispute the applicable standard of review. Defendants argue that the standard of review for defendants' motion to compel arbitration is abuse of discretion. *Vassilkovska v. Woodfield Nissan, Inc.*, 358 Ill. App. 3d 20, 24 (2005) ("Generally, interlocutory appeals are reviewed under an abuse of discretion standard to determine whether the trial court was correct in granting or denying the relief requested." (Internal quotation marks omitted.)). However, where the circuit court "grants a motion to compel arbitration without an evidentiary hearing and bases its decision on a purely legal analysis, the applicable standard of review is *de novo*." (Internal quotation marks omitted.) *Parker v. Symphony of Evanston Healthcare, LLC*, 2023 IL App (1st) 220391, ¶ 24.

¶ 10 Here, no evidentiary hearing occurred before the circuit court entered its order. Defendants argue that the court made two factual findings, that Sky Zone is not a physical fitness center offering physical fitness services as defined by the Act, and that Luka Tupanjac derived a benefit from the arbitration agreement. However, these are rulings of statutory and contractual construction and thus are legal conclusions, not factual findings. Accordingly, our review is *de novo*. *Id.*

¶ 11 The parties also dispute whether we have jurisdiction on appeal to consider the circuit court's denial of plaintiff's motion for summary judgment. Generally, orders denying summary judgment are not appealable. *In re Estate of Funk*, 221 Ill. 2d 30, 85 (2006). However, a ruling not

otherwise appealable under Rule 307(a) may be reviewed by an appellate court if it is sufficiently "intertwined" with the lower court's ruling as to injunctive relief. *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 448 (2004); *Glazer's Distributors of Illinois, Inc. v. NWS-Illinois, LLC*, 376 Ill. App. 3d 411, 420 (2007). Here, both motions dealt exclusively with the same issue: whether the Sky Zone waiver agreement containing an arbitration provision was valid and enforceable. Additionally, the circuit court heard oral arguments and issued rulings as to both motions simultaneously. The circuit court's ruling on one motion would cause any ruling on the other motion to be a "foregone conclusion." *Weiss*, 208 Ill. 2d at 449. Plaintiff's motion for summary judgment was sufficiently "intertwined" with defendants' motion to compel arbitration and stay litigation such that we have jurisdiction to review the summary judgment ruling. *Id.* at 448; *Glazer's Distributors*, 376 Ill. App. 3d at 420. A summary judgment ruling is reviewed *de novo*. *Aasen v. Rickert*, 2018 IL App (2d) 170036, ¶ 20.

¶ 12                              A. Combined Motion to Dismiss

¶ 13    As an initial matter, plaintiff argues that defendants' motion to compel arbitration and stay litigation violated the Code of Civil Procedure because defendants' motion improperly raised arguments under both section 2-619 and 2-615 of the Code and did not separate these arguments as required under section 2-619.1 of the Code. Therefore, plaintiff contends the circuit court erred in considering the motion on its merits. A motion to dismiss under section 2-615 "challenges the legal sufficiency of a complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). Meanwhile, "[a] motion to dismiss under section 2–619 admits the legal sufficiency of the complaint but asserts a defense that defeats it." *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735, ¶ 35. A party may combine a section 2-615

motion and a section 2-619 motion into one pleading, but the combined motion must be separated into parts, and "each part shall be limited to and shall specify that it is made under" section 2-615 or 2-619. 735 ILCS 5/2-619.1 (West 2022). A movant's failure to specifically designate whether a motion to dismiss is brought pursuant to section 2-615 or section 2-619 is fatal if it results in prejudice to the nonmovant. *Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746, ¶ 22.

¶ 14    Regardless of whether defendants' motion here was procedurally improper, plaintiff was not prejudiced. Defendants clarified in their reply brief and in oral argument that they were making no claim for dismissal under section 2-615 and that the basis for their motion was section 2-619(a)(9). The circuit court's decision to grant defendants' motion to compel was not based on any argument concerning the legal sufficiency of the complaint under section 2-615. Because plaintiff was not prejudiced, the circuit court did not err in hearing defendants' motion on the merits. *Id.*

¶ 15                         B. The Physical Fitness Services Act

¶ 16    Plaintiff argues that the Sky Zone waiver agreement violates the Physical Fitness Services Act and therefore the entire agreement, including the arbitration provision, is void and unenforceable. Under both federal and state law, "there is no arbitration without a valid contract to arbitrate." *Aste v. Metropolitan Life Insurance Co.*, 312 Ill. App. 3d 972, 975 (2000). Therefore, an arbitration agreement "may be invalidated by a state law contract defense of general applicability[.]" *Carter v. SSC Odin Operating Co., LLC*, 2012 IL 113204, ¶ 18. While the Federal Arbitration Act prohibits courts from invalidating arbitration agreements "under state laws applicable *only* to arbitration provisions" (emphasis in original), a state law may invalidate an

arbitration agreement if the law "arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." (Internal quotation marks omitted.) *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996). The Physical Fitness Services Act does not apply solely to arbitration provisions and instead regulates the contracts of physical fitness centers generally. See 815 ILCS 645/1 *et seq.* (West 2022). Thus, the Physical Fitness Services Act could potentially be used to invalidate the arbitration provision in the Sky Zone waiver agreement, provided that the waiver agreement is governed by the Act and violates its provisions. *Casarotto*, 517 U.S. at 686-87.

¶ 17    However, a court is not permitted under the Federal Arbitration Act to hear plaintiff's argument concerning the validity of the Sky Zone waiver agreement under the Physical Fitness Services Act. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006). There are two types of challenges to the validity of arbitration agreements. *Bess v. DirecTV, Inc.*, 381 Ill. App. 3d 229, 234 (2008) "One type challenges specifically the validity of the agreement to arbitrate. [Citation.] The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced) or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." (Internal quotation marks omitted.) *Id.* at 234-35 (quoting *Buckeye*, 546 U.S. at 444). Plaintiff is arguing that the entire waiver agreement, not just the arbitration provision, is void and unenforceable under the Physical Fitness Services Act. The United States Supreme Court has held that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye*, 546 U.S. at 449. Therefore, this question is for the arbitrator to decide.

¶ 18    Plaintiff argues that the Federal Arbitration Act, and its corresponding federal case law, do not apply where the parties to a contract agree to arbitrate in accordance with state law. *Glazer's Distributors*, 376 Ill. App. 3d at 421-22. However, the language of the arbitration provision in the Sky Zone waiver agreement clearly indicates that the parties agreed to arbitrate in accordance with the Federal Arbitration Act. It states "[t]his agreement shall be governed by, construed and interpreted in accordance with the laws of the State of Illinois, without regard to choice of law principles. Notwithstanding the provision with respect to the applicable substantive law, *any arbitration conducted pursuant to the terms of this Agreement shall be governed by the Federal Arbitration Act*." (Emphasis added.) The preceding sentence stating that the agreement shall be governed by Illinois law does not change the fact that the parties agreed that any arbitration conducted pursuant to the agreement would be governed by the Federal Arbitration Act. *LRN Holding, Inc. v. Windlake Capital Advisors, LLC*, 409 Ill. App. 3d 1025, 1033-35 (2011) (holding that a generic state choice-of-law clause was insufficient to prove that the parties to the contract explicitly intended to conduct arbitration under state law rather than the Federal Arbitration Act). Therefore, the arbitration agreement is governed by the Federal Arbitration Act, and *Buckeye*'s holding applies here. Plaintiff's argument regarding the Physical Fitness Services Act must be heard by the arbitrator.

¶ 19    Plaintiff argues that the Sky Zone waiver agreement is unenforceable also because it violates Illinois public policy by allowing a parent to waive his or her minor child's right to trial by jury in favor of arbitration. However, this argument is an attack against the validity of the waiver agreement as a whole, and therefore is for the arbitrator to decide. See *Hartz v. Brehm Preparatory School, Inc.*, 2021 IL App (5th) 190327, ¶ 42 ("challenges to the validity of the contract as a whole,

rather than the arbitration clause within the contract, are matters to be considered by the arbitrator in the first instance."). Plaintiff's related argument concerning whether Luka Tupanjac disaffirmed the Sky Zone waiver is also for the arbitrator to decide. *K.F.C. v. Snap Inc.*, 29 F.4th 835, 837-38 (7th Cir. 2022) (holding that "Illinois treats the age of the contracting parties as a potential defense to [contract] enforcement" and that arguments concerning this defense should go to the arbitrator) (citing *Dixon National Bank of Dixon v. Neal*, 5 Ill. 2d 328, 336-37 (1955)). See also *K.H. by & through Headlee v. Chicago Urban Air, LLC*, No. 22-CV-06494, 2023 WL 6976990, *7 (N.D. Ill. Oct. 23, 2023).

¶ 20    Plaintiff argues that the Sky Zone waiver agreement is terminable at will because it is indefinite and perpetual in duration.[1] *Rico Industries, Inc. v. TLC Group, Inc.*, 2014 IL App (1st) 131522, ¶ 21. To support his argument, plaintiff points to language in the waiver agreement that says that it "extends forever into the future and will have full force and legal effect each and every time I or my [child] visit Sky Zone." However, this language conflicts with other language at the bottom of the final page of the agreement that states that the agreement expires on January 29, 2023. Plaintiff does not acknowledge this expiration date and offers no argument as to why it is not applicable here. While "contracts of perpetual duration are terminable at will by the parties, a contract which nonetheless provides that it will terminate upon the occurrence of a specific event is not deemed perpetual in duration and is not terminable at will[.]" *Jespersen v. Minnesota Mining*

---

[1] Here, plaintiff is not challenging the validity of the Sky Zone waiver agreement. Rather, by arguing that the agreement is terminable at will and that Luka Tupanjac terminated it by filing this lawsuit, plaintiff is disputing the agreement's existence. Therefore, the courts are permitted to hear this argument. *Buckeye*, 546 U.S. at 449 ("a challenge to the *validity* of the contract as a whole *** must go to the arbitrator."); *Bahuriak v. Bill Kay Chrysler Plymouth, Inc.*, 337 Ill. App. 3d 714, 719 (2003) ("The issue of whether a contract to arbitrate exists must be determined by the court, not an arbitrator.").

*& Manufacturing Co.*, 288 Ill. App. 3d 889, 893 (1997). Here, despite language elsewhere in the Sky Zone waiver agreement stating that the agreement extends forever into the future, the agreement clearly states that it terminates upon the occurrence of a specific event: the passing of the date of January 29, 2023. The agreement does not have an indefinite and perpetual duration, and the circuit court did not err in holding that the waiver agreement is not terminable at will.

¶ 21    Notwithstanding *Buckeye*, plaintiff argues that this court should nonetheless rule on legal questions before the case proceeds to arbitration because "the judicial power in this State is vested solely in the courts," and this power includes "the authority to judicially interpret and construe *** statutes when necessary." *People ex rel. Harrod v. Illinois Courts Comm'n*, 69 Ill. 2d 445, 472-73 (1977). While this is true, here the parties agreed that the arbitrator would decide any "dispute, claim or controversy" relating to Luka Tupanjac's use of the Sky Zone facility, including the scope or applicability of the arbitration agreement. Under that agreement, the arbitrator decides questions of law and fact. *Board of Trustees of Community College District No. 508, Cook County v. Cook County College Teachers Union, Local 1600, AFT, AFL/CIO*, 74 Ill. 2d 412, 419 (1979) ("Generally, the nature and extent of an arbitrator's power will depend upon what the parties agree to submit to arbitration."); *Hollister Inc. v. Abbott Laboratories*, 170 Ill. App. 3d 1051, 1060-61 (1988) ("When parties agree to submit a dispute to arbitration, it is presumed that *** in the absence of an express reservation, the parties agreed that everything, both as to law and fact, which is necessary to the resolution of the dispute is within the authority of the arbitrator.").

¶ 22                                  III. CONCLUSION

¶ 23    While the circuit court was correct to grant defendant's motion to compel arbitration and deny plaintiff's motion for summary judgment, the circuit court erred in considering the merits of

plaintiff's legal arguments related to the validity of the waiver agreement. Those legal questions properly belong before the arbitrator. Consequently, we vacate the circuit court's order, and we remand with instructions to refer the case to arbitration.

¶ 24 Vacated and remanded with instructions.