2022 IL App (1st) 220184-U

SECOND DIVISION
August 16, 2022

No. 1-22-0184

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SHAIQUEL JILANI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, |
| | ) | Chancery Division. |
| v. | ) | |
| | ) | No. 2020 CH 03853 |
| SIMON BERGER, | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | Diane M. Shelley, |
| | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Lavin concurred.

**O R D E R**

¶ 1    *Held*: The circuit court properly dismissed the plaintiff's consumer fraud claim where the plaintiff failed to allege sufficient facts showing that he was either a "consumer" or could satisfy the "consumer-nexus" test as required to proceed under the Illinois Consumer Fraud and Deceptive Businesses Practices Act (815 ILCS 505/1 *et seq.* (West 2020)).

¶ 2    This cause of action stems from a real estate contract entered into by the plaintiff Shaiquel

Jilani (Jilani) and the defendant Simon Berger (Berger) for an 18-unit apartment building located

at 5651-5659 South Michigan Avenue, in Chicago (the property). The plaintiff filed a multi-count complaint alleging rescission and fraud under the Illinois Consumer Fraud and Deceptive Businesses Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2020)) against Berger, as well as legal malpractice against Cambi Cann (Cann), the attorney representing him in the purchase of the property. This appeal solely concerns the circuit court's order dismissing with prejudice Count II of the plaintiff's third amended complaint alleging a violation of the Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2018)) against Berger. The plaintiff asserts that dismissal was improper because the circuit court erred in finding that he was not a "consumer" under the Act. For the following reasons, we affirm.

¶ 3                                                  I. BACKGROUND

¶ 4      The record before us reveals the following relevant facts and procedural history. On April 15, 2020, Jilani filed his original complaint for rescission or damages against Berger and Cann. With respect to Berger, the complaint alleged that on August 23, 2018, the plaintiff and Berger "entered into a contract for the sale" of the property. According to the complaint, to induce the plaintiff to purchase the property, Berger falsely represented that the rental income for the property was stable, that the tenants were current in their rent payments, and the amount of rental income generated for 2017 and 2018. Upon the plaintiff's request for a verified current rent roll, Berger provided statements showing the current rental rates but failing to disclose the amounts of various tenants' delinquencies. In addition, Berger misrepresented the size of the apartments and the condition of one of the units, which he admitted was vacant but failed to disclose required major rehabilitation, including the walls, floor, plumbing and electrical system. In this respect, the complaint alleged that Berger denied the plaintiff's inspector and his lender's appraiser access to "most of the individual apartments." The complaint also alleged that Berger told the plaintiff that

2

the building had a month-to-month laundry lease, when in fact the lease was non-terminable until 2022.

¶ 5    Based on the foregoing misrepresentations, the plaintiff alleged that Berger violated the Consumer Fraud Act (815 ILCS 505/1 *et seq*. (West 2020)) and therefore sought rescission of the real estate contract (count I) and damages based on the Act (count II).

¶ 6    On October 7, 2020, the plaintiff was granted leave to file his first amended complaint to add Cann's law firm as an additional defendant in the action. On December 7, 2020, Berger filed a combined section 2-619.1 motion to dismiss (735 ILCS 5/2-619.1 (West 2020)) counts I and II of the first amended complaint, asserting, *inter alia*, that the complaint failed to establish that the plaintiff was a "consumer," or to satisfy the "consumer nexus" test as was required to proceed under the Act (815 ILCS 505/1 (West 2020)). In addition, Berger argued that the plaintiff was barred from proceeding with his claims based on the non-reliance and as-is clauses contained in the real estate contract.

¶ 7    In support of the motion to dismiss, Berger attached his affidavit, wherein he attested that he is the manger of 5651 Michigan L.L.C. Berger averred that on August 23, 2018, 5651 Michigan L.L.C. entered into a "Chicago Association of Realtors Apartments/Investments Purchase and Sale Contract" with the plaintiff for the purchase of the property for $1.1 million. That contract was attached to the affidavit and reveals that it was signed by the plaintiff, individually, and by Berger, who denoted the seller as 5651 Michigan, L.L.C.

¶ 8    According to Berger's affidavit, on October 23, 2018, 5651 Michigan L.L.C. executed a rider to the contract, which contains an "as-is" clause that was material to the negations on the sale and purchase of the property and under which, among other things the plaintiff agreed he would not rely on any representations given to him by Berger about the property. The rider, which is

attached to the affidavit further amended the original contract by designating the buyer as "5651-5659 S. Michigan L.L.C." instead of the plaintiff.

¶ 9     In his affidavit, Berger further attested that the sale closed on October 30, 2018, with 5651 Michigan L.L.C. as the seller. Berger stated that at all times prior to the closing he personally never owned the property, and that the property was always owned by 5651 Michigan L.L.C.

¶ 10     In his response to Berger's motion to dismiss, the plaintiff argued that he was a "consumer" under the Act (815 ILCS 505/1 (West 2020)) because regardless of whether 5651 Michigan L.L.C. was the signatory on the contract, Berger as the sole owner of that company benefited from the proceeds of the sale, which he himself procured through fraudulent misrepresentation.

¶ 11     In support, the plaintiff attached his own affidavit, wherein he averred that he was a resident of California, and never lived in Chicago, but became interested in investing in property in Chicago in 2018 because the market there was more favorable. According to the affidavit, he met Berger, who represented to him that he was primarily engaged in "the acquisition, rehabilitation, and sale of distressed multi-family real-estate in low-income neighborhoods." The plaintiff's affidavit attached a copy of the top portion of Berger's LinkedIn page, which according to the plaintiff confirmed that Berger's "business practice included the sale of real estate" such as the property he sold to the plaintiff.

¶ 12     That LinkedIn page, attached to the plaintiff's affidavit, lists Berger as the principal of Berger Investments Group, L.L.C. (BIG). According to the LinkedIn page, BIG is a "fully integrated company focused on opportunistic real estate investments" with Berger's primary focus being the "acquisition and stabilization of distressed multifamily real estate in low-income neighborhoods." The LinkedIn page further states that BIG creates value through two investment strategies, including buying/holding and rehabbing/selling. BIG "oversees and contracts

construction, self-manages all assets, and takes a hands-on management approach to ensure a high standard of quality living" and "condominium quality rental units at affordable prices."

¶ 13    On December 7, 2020, the circuit court granted Berger's motion to dismiss, finding that the plaintiff failed to sufficiently plead his claims. Specifically, the court found that the rescission claim failed because Berger was not a party to the real estate contract, and the contract was entered into between 5651 Michigan L.L.C. and the plaintiff. The court noted that while the plaintiff contended that both parties acted through L.L.C.'s his "disregard of corporate formalities" contradicted Illinois law, under which the liabilities of a limited liability company are solely the responsibility of that company.

¶ 14    With respect to the Consumer Fraud Act claim, the court found that the plaintiff had failed to sufficiently allege damages, by failing to allege that he, "in his individual capacity, incurred damages, as opposed to 5651-59 S. Michigan L.L.C.—the L.L.C. that purchased the property at closing."

¶ 15    Accordingly, the court dismissed count I (rescission) with prejudice and count II (consumer fraud) without prejudice with leave to replead.

¶ 16    On January 7, 2021, the plaintiff filed his second amended complaint. Recounting the same allegations as those in the original complaint, the plaintiff added that on August 23, 2018, he entered into the contract with Berger, under which Berger "would provide clear title to [him] or his nominee at closing upon tender of the sale price." The plaintiff then alleged that Berger's intentional misrepresentations directly affected the valuation of the property and constituted fraud both: (1) under the Consumer Fraud Act (815 ILCS 505/1 (West 2020)) and (2) under the common law.

¶ 17    On February 20, 2021, Berger again filed a section 2-619.1 motion to dismiss (735 ILCS

5/2-619.1 (West 2020)) seeking dismissal of the second amended complaint based on the same arguments raised in his original combined motion to dismiss. In addition, Berger contended that the second amended complaint improperly combined the plaintiff's statutory and common law fraud claims against Berger.

¶ 18    On June 7, 2021, the circuit court granted Berger's motion to dismiss the plaintiff's second amended complaint without prejudice. In dismissing count II, the court ruled that the plaintiff's "combination of claims in a single count" violated section 2-603 of the Code of Civil Procedure (Code) (735 ILCS 5/2-603 (West 2020)), which requires "separate causes of action upon which a separate recovery might be had to be stated in separate counts."

¶ 19    On July 6, 2021, the plaintiff filed the instant third amended complaint. While the third amended complaint separated the plaintiff's statutory and common law fraud claims into two different counts (count II and IV, respectively) all the allegations against Berger remained the same and the plaintiff continued to proceed against Berger in his individual capacity.

¶ 20    On August 10, 2021, Berger again filed a combined section 2-619.1 motion to dismiss (735 ILCs 5/2-619.1 (West 2020)). Among other things, once more Berger argued that the plaintiff had failed to establish that he was either a "consumer" as defined under the Act or that he satisfied the "consumer nexus" test *i.e.,* that he suffered damages resulting from conduct directed towards the market generally or otherwise implicating consumer protection concerns.

¶ 21    On October 26, 2021, the circuit court granted Berger's motion with prejudice. Relevant to this appeal, the court dismissed the plaintiff's statutory consumer fraud claim pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020), finding that the plaintiff had failed to state sufficient facts showing that he was either a "consumer" or could satisfy the "consumer nexus" test. Specifically, the court held that because the plaintiff had conceded in his affidavit that he was

an investor, and not the intended purchaser of the property, bur rather that the property was purchased by 5651-59 S. Michigan L.L.C., a company owned by him, he was not a "consumer" under the Act (815 ILCS 505/1 (West 2020)). The court therefore held that the plaintiff could proceed with his statutory fraud claim only if he satisfied the "consumer-nexus" test. The court further found that the plaintiff had failed to do so as a matter of law because the instant transaction involved an isolated deceptive practice between two business (5651 Michigan L.L.C. and 5651-59 S. Michigan L.L.C.) and did not impact consumer protection interests generally.

¶ 22    On January 11, 2022, the circuit court amended its October 26, order to include language pursuant to Illinois Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. March 8, 2016)) stating that the order was final and appealable and that there was no just cause for delay. The plaintiff now appeals.

¶ 23                                    II. ANALYSIS

¶ 24    On appeal, the plaintiff contends that the circuit court erred in dismissing his consumer fraud claim pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020). The plaintiff asserts that the court erred in finding that he was not a "consumer" under the Act (825 ILCS 505/1(e) (West 2020)). For the following reasons, we disagree.

¶ 25    A section 2-615 motion to dismiss tests the legal sufficiency of the complaint. *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 61. The question presented on review is whether the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action for which relief can be granted. *Id.* In making this determination, all well-pleaded facts and reasonable inferences in the plaintiff's pleadings must be taken as true. *Id.* Dismissal is improper unless it clearly appears that no set of facts can be proved that would entitle the plaintiff to recovery. *Id*. Nonetheless, mere

7

conclusions of law or facts unsupported by specifical factual findings are insufficient to withstand dismissal. *Ranjha v. BJBP Properties, Inc*., 2013 IL App (1st) 122115, ¶ 9. Our review is *de novo*. *Id.*

¶ 26 The Consumer Fraud Act "is a regulatory and remedial statute intended to protect consumers, borrowers and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Cripe v. Leiter*, 184 Ill. 2d 185, 190-91 (1998). Section 2 of the Consumer Fraud Act provides that

> "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false premise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact *** in the conduct of any trade or commerce are hereby declared unlawful ***." 815 ILCS 505/2 (West 2020).

To adequately plead a cause of action under the Act, the plaintiff must allege: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Aliano v. Ferriss*, 2013 IL App (1st) 120242, ¶ 24; *Avery v. State Farm Mutual Auto Insurance Co*., 216 Ill. 2d 100, 180 (2005).

¶ 27 Furthermore, to state a claim under the Act, the plaintiff must ordinarily allege that he is a "consumer." See *e.g., McCarter v. State Farm Mutual Automobile Insurance Co*., 130 Ill App. 3d 97, 101 (1985) (stating that the Act applies only to consumers); 815 ILCS 505/1(e) (West 2020) (defining "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of

his household.").

¶ 28    Nonetheless, Illinois courts have permitted non-consumers to pursue claims under the Act if the "consumer nexus" test is satisfied. Under this test, the alleged conduct must "involve[] trade practices addressed to the market generally or otherwise implicate [] consumer protection concerns." (Internal quotation marks omitted). *Brody v. Finch University of Health Sciences/The Chicago Medical School*, 298 Ill. App. 3d 146, 159 (1998); see also *Kim v. State Farm Mutual Automobile Insurance Co.*, 2021 IL App (1st) 200135, ¶ 44. While neither the Act nor its legislative history provide definitional parameters for the phrase "implicates consumer protection concerns" our courts have held that a plaintiff satisfies the "consumer-nexus" test if he can demonstrate: (1) that his actions were akin to a consumer's actions to establish a link between himself and consumers; (2) how the defendant's representations concerned consumers other than himself; (3) how the defendant's particular activity involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers. *Brody*, 298 Ill. App. 3d at 160.

¶ 29    Where these types of allegations are lacking, courts have rejected invitations to apply the Act to any cause of action encompassing a primarily private wrong. See *Lake County Grading Co. v. Advance Mech. Contractors Inc.,* 275 Ill. App. 3d 452, 460 (1995) (finding "no inherent consumer interest implicated in a construction contract between a general contractor and a subcontractor"). Accordingly, absent a consumer nexus, the Act does not govern "every individual breach of contract" claim and does not furnish an "additional and redundant remedy" to all common-law breach of contract and fraud claims. *Lake County Grading Co.,* 275 Ill. App. 3d at 459.

¶ 30    In the present case, the plaintiff contends that he was not required to satisfy the "consumer-nexus" test because his pleadings and affidavit filed in support of his response to Berger's motion

to dismiss the third amended complaint sufficiently established that Berger was in the business of "acquisition, rehabilitation and sale of distressed multi-family real estate in low-income neighborhoods," and that the plaintiff was Berger's customer and therefore a "consumer" under the plain language of the Act. For the following reasons, we disagree.

¶ 31    Section 1(e) of the Act defines a "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e) (West 2020). While the Act defines "merchandise" as among other things, "real estate situated outside the State of Illinois," (815 ILCS 5/1(b) (West 2020)) our courts have interpreted this section to include in-state real estate transactions. See *Solwest, L.L.C. v. Fifth Third Bank*, 2012 Ill App (1st) 192350, ¶¶ 31-33. The Act further defines a "person" as "any natural person or his legal representative, partnership, corporation (domestic or foreign) company, trust, business entity or association." 815 ILCS 505/1(c) (West 2020). Accordingly, under the plain language of the Act, it is irrelevant whether the "consumer" is a private individual or a business entity, or whether the property was inside or outside of Illinois, so long as the purchase involved is "not for resale in the ordinary course of [the purchaser's] trade or business but for [the purchaser's] use or that of a member of his household." 815 ILCS 505/1(e) (West 2020); *Skyline International Development v. Citibank F.S.B.*, 302 Ill. App. 3d 79 (1998).

¶ 32    In the present case, construing the plaintiff's pleadings and affidavit in the light most favorable to him, we find that the plaintiff purchased the property in the name of his company, 5651-5659 S. Michigan, L.L.C. as an investor, rather than for his own or the company's use or for the use of a household member, as required under the Act. See 815 ILCS 505/1(e) (West 2020). The plaintiff's affidavit clearly states that he was a resident of California and never resided in

Illinois but became interested in investing in commercial real estate in Chicago in 2018 because the real estate market in California was less advantageous. The plaintiff's third amended complaint further confirms that after the purchase of the property he hired a property management company to collect rents on the building. Accordingly, regardless of whether it was the plaintiff or his company that purchased the property because the property was not intended for the plaintiff's use or that of a household member, neither was a "consumer" under the plain language of the Act.

¶ 33    Contrary to the plaintiff's position, the statement in his affidavit regarding Berger's representations about being in the business of "acquisition, rehabilitation, and sale of distressed multi-family real-estate in low-income neighborhoods" alone is insufficient to establish that either the plaintiff or his company were Berger's "consumers." Nowhere in his pleadings does the plaintiff explicitly allege that he was either Berger's customer or "consumer." Nor does he show any connection between the instant real estate transaction and Berger's business, BIG, as described by the attached LinkedIn page. In fact, BIG is not mentioned anywhere in the plaintiff's complaint. Illinois is a fact-pleading jurisdiction, and as such the plaintiff was required to "allege facts, not mere conclusions, to establish his ** claim as a viable cause of action." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008); *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 451 (2004); *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003); see also *Pooh–Bah Enterprises, Inc.* v. County of Cook, 232 Ill. 2d 463, 473 (2009) (In opposing a motion for dismissal under section 2–615, "a plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations."). Because the plaintiff has clearly failed to do so here, to proceed on his claim, he was required to satisfy the "consumer-nexus" test. *Kim*, 2021 IL App (1st) 200135, ¶ 46.

¶ 34    On appeal, the plaintiff does not attempt to argue that he satisfied this test. Nor could he, since his pleadings set forth no factual allegations plausibly supporting the notion that Berger's

"trade practices were addressed to the market generally" or implicated "consumer protection concerns." *Brody*, 298 Ill. App. 3d at 159; *Kim*, 2021 IL App (1st) 200135, ¶ 46; see *Kim*, 2021 IL App (1st) 200135, ¶ 45 ("the mere fact that a defendant is a business that engages in commerce is insufficient to satisfy the requirement that the alleged deception occurred 'in the course of trade or commerce.' ") The plaintiff fails to allege how Berger's representations were directed toward any person or entity other than himself. His pleadings are completely devoid of any facts establishing that Berger's misrepresentations were directed at consumers in general or that the alleged misrepresentation concerned consumers other than himself, or how his actions involve consumer protection concerns. *Brody*, 298 Ill. App. 3d at 160. Rather, the third amended complaint solely alleges misrepresentations in the context of a real estate contract for the sale of a single property from one business to another for purposes of the second business operating the building as an investment property. Under these circumstances, the plaintiff has not set forth sufficient facts to satisfy the "consumer nexus" test. See *e.g.*, *Kim*, 2021 IL App (1st) 200135, ¶ 46 (holding that the plaintiff failed to satisfy the "consumer-nexus" test, where she failed to allege "any wrong conduct" by the defendant "that impacted consumers" generally); see also Lake County Grading Co., 275 Ill. App. 3d at 459 (the Act does not govern "every individual breach of contract" claim or furnish an "additional and redundant remedy" to all common-law breach of contract and fraud claims.).

¶ 35                                  III. CONCLUSION

¶ 36    For the aforementioned reasons, we find that the circuit court properly dismissed count II of the plaintiff's third amended complaint alleging consumer fraud. We therefore affirm the

judgment of the circuit court.

¶ 37    Affirmed.