2026 IL App (1st) 251443-U

No. 1-25-1443

Order filed March 20, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IN RE THE ESTATE OF JAMES ANTHONY SORAPARU, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Salvador Soraparu, as Independent Administrator of the Estate of James Anthony Soraparu, | ) ) ) ) | |
| Petitioner-Appellee, | ) ) | No. 19 P 7490 |
| v. | ) ) | The Honorable |
| Jacquelyn Hathaway, | ) ) | Daniel Tiernan, Judge, presiding. |
| Respondent-Appellant). | ) ) | |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*: Appeal dismissed for lack of jurisdiction.

¶ 2     Jacquelyn Hathaway appeals under Supreme Court Rule 307(a)(1), from an order (i) barring a witness from testifying at trial, (ii) denying her motion for a protective order for that

witness, (iii), and affirming prior dispositive orders. Because the order being appealed does not qualify as an "injunction," we lack jurisdiction and dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4        Anthony Soraparu died in 2009. His neighbor, Jacquelyn Hathaway, claims Anthony signed a deed in 2005 conveying residential property to her. In 2019, Hathaway recorded the deed, prompting the administrator of Anthony's estate, Salvador Soraparu, to file a citation to recover assets in November 2021, to reclaim the property.

¶ 5        In December 2023, the trial court granted Soraparu's motion for summary judgment. Hathaway, who had been representing herself, obtained counsel who filed a motion to reconsider, which the trial court granted. The order gave Hathaway leave to file an amended answer, affirmative defenses, and counterclaims. Instead, Hathaway's attorney filed a motion to dismiss for laches, which the trial court denied. In the ensuing months, Hathaway's attorney filed several other motions, including for summary judgment, to exclude evidence, and to quash subpoenas, all of them were denied.

¶ 6        After setting December 3, 2024, for trial, the court ordered the parties to "proceed with the previously exchanged exhibits and witness lists." When the parties appeared for trial, Hathaway asked to add several new witnesses. The court granted the request and allowed Soraparu additional time to conduct discovery and depose the new witnesses.

¶ 7        Soraparu's attorney issued interrogatories and subpoenas to the new witnesses, and attempted to schedule their depositions. But Hathaway's attorney claimed not to have their phone numbers or email addresses. After Hathaway's attorney refused to provide only home addresses, Soraparu's attorney (i) moved to compel discovery and for sanctions, alleging Hathaway's attorney failed to respond to interrogatories or provide the witnesses' email

addresses and (ii) for an order barring the new witnesses from testifying or staying the proceedings and prohibiting Hathaway from further filings until discovery was complete.

¶ 8        After a hearing, the trial court granted Soraparu's motion to compel. The court ordered Hathaway's attorney to "provide proper and accurate addresses, e-mails, phone numbers, and any other contact information in his or his client's possession within five business days" or the witnesses would be barred from testifying. The depositions had to take place in 60 days; otherwise, the witnesses "may be barred from testifying."

¶ 9        Hathaway's attorney timely produced a witness contact list with addresses and phone numbers, not email addresses. According to the list, witness Laura Porter lived in Chicago, but when Soraparu's attorney called her, she said she had moved to Michigan and could not come to Chicago. Hathaway's attorney informed Soraparu's attorney that Porter would only avail herself over Zoom or if the attorney went to Michigan. Soraparu's attorney refused both option as the notices required in-person depositions at her office.

¶ 10        Eventually, Soraparu's attorney noticed the witnesses depositions, copying Hathaway's attorney. Laura Porter was scheduled in Chicago on June 11, 2025, but on June 5, Hathaway's attorney moved to quash Porter's subpoena and sought a protective order on Porter's behalf to prohibit her being deposed in Illinois. (Porter neither appeared or attempted to reschedule)

¶ 11        Hathaway's attorney also moved for clarification of the court's orders on his motions to dismiss for laches, for summary judgment, to exclude evidence, and quash subpoenas, filed between September 19, 2024, and January 29, 2025.

¶ 12        On June 30, 2025, the trial court resolved multiple pending motions. Of relevance here, the court barred Lauren Porter (and others) from testifying at trial for violating the April 22, 2025, order by failing to sit for deposition. Because Porter would not be testifying, the court mooted

Hathaway's motions for a protective order and to quash her subpoena. As for Hathaway's motion for clarification, the court stated its prior rulings stand.

¶ 13                                                    ANALYSIS

¶ 14        Hathaway argues the trial court violated her due process rights by denying her motions to dismiss, for summary judgment, to exclude irrelevant and inadmissible evidence, and to quash a subpoena without briefing or a hearing. And that the trial court erred in denying those motions and asks that the June 30 order be vacated and remanded with instructions to grant them.

¶ 15        Before addressing the merits, we must determine whether we have jurisdiction over this appeal, a threshold issue.

¶ 16        Hathaway claims jurisdiction is proper under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), which provides appellate jurisdiction from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." She asserts that the trial court order denying her motion for a protective order for Porter was injunctive in nature, permitting jurisdiction under Rule 307(a)(1). Hathaway further argues that once appellate court jurisdiction attached under Rule 307(a)(1) it extends to previous trial court rulings that are "necessary and attendant" to the appealed order. See *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 445-46 (2004).

¶ 17        The key to a Rule 307(a)(1) appeal is whether the order relates to an "injunction" versus some other type of interlocutory order. *Zitella v. Mike's Transportation, LLC*, 2018 IL App (2d) 160702, ¶ 13. "Illinois courts have construed the meaning of 'injunction' in Rule 307(a)(1) broadly." *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221 (2000); see *In re A Minor*, 127 Ill. 2d 247, 262 (1989). Still, "not every nonfinal order of a court is appealable, even if it compels a party to do or not do a particular thing." *Short Brothers Construction, Inc. v. Korte*

*& Luitjohan Contractors, Inc.*, 356 Ill. App 3d 958, 960 (2005). To determine whether an order is an injunction, we look to "its substance rather than its form." *Id.*; *Skolnick*, 191 Ill. 2d at 221.

¶ 18     "An injunction is a 'judicial process operating in *personam* and requiring [a] person to whom it is directed to do or refrain from doing a particular thing.' " *Skolnick*, 191 Ill. 2d at 221 (quoting *A Minor*, 127 Ill. 2d at 261). It stems from "the power traditionally reserved to courts of equity that affects the relationship of the parties in their everyday activities apart from the litigation." *Zitella*, 2018 IL App (2d) 160702, ¶ 14. By contrast, orders such as "subpoenas, discovery orders, and orders relating to the control of the court's own docket" are "ministerial or administrative" (*Short*, 356 Ill. App 3d at 960) and "are part of the inherent power possessed by any court to compel the appearance of witnesses, to regulate their testimony, and to control the court's own docket." *Zitella*, 2018 IL App (2d) 160702, ¶ 14.

¶ 19     For this reason, our courts have consistently held that discovery orders are not appealable under Rule 307(a)(1). See *Skolnick*, 191 Ill. 2d at 221; *A Minor*, 127 Ill. 2d at 262; *Allianz Insurance Co. v. Guidant Corporation*, 355 Ill. App. 3d 721, 729 (2005). Circuit courts routinely compel submission to depositions; order that an appearance be filed by a date certain; order the parties appear on a date certain for trial; and the like. Many of these orders have a measure of compulsion. If all these orders were considered an "injunction," an inordinate number of trial court orders would become immediately appealable, halting litigation in the trial court and resulting in piecemeal proceedings.

¶ 20     The June 30 order was a discovery order precluding Porter from testifying at trial because she failed to sit for a deposition within 60 days, as ordered. It did not affect the rights of the parties outside the litigation; it controlled the conduct of the litigation, an administrative power all courts possess. See *Zitella*, 2018 IL App (2d) 160702, ¶ 14 (preservation order, compelling

production of documents, was not injunction, was "most closely akin to a nonappealable discovery order," and thus was not appealable under Rule 307(a)(1) ); *Lewis v. Family Planning Management, Inc.*, 306 Ill. App. 3d 918, 921 (1999) (order compelling answers to deposition questions was discovery order "not within the class of appealable interlocutory orders delineated under [Rule] 307."). Thus, the June 30 is a nonappealable interlocutory order.

¶ 21 Hathaway's reliance on *City of Chicago v. Office of the Special Prosecutor*, 2017 Il App (1st) 161376 ¶ 31 is unpersuasive. We held that a protective order "'circumscribing the publication of information is reviewable as an interlocutory injunctive order, pursuant to Rule 307(a)(1).' " (quoting *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221 (2000) (citing *In re A Minor*, 127 Ill. 2d 247, 263 (1989)). Hathaway argues that an order limiting publication of discovery is analogous to an order barring a witness from testifying and denying protective relief. Not so. As noted, the order barring Porter from testifying was a discovery order within the court's administrative power. The court then denied Hathaway's request for protective relief as moot. Neither order was analogous to the orders in *City of Chicago* or *Skolnick*.

¶ 22 Because the court's order precluding Porter from testifying and denying the request for protective relief is not appealable under Rule 307(a)(1), we lack jurisdiction to review the other orders as well.

¶ 23 Appeal dismissed.